Lorna J. KUNGES, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 89–S–982.

United States District Court, D. Colorado.

Aug. 28, 1991.

James Bicknell, Denver, Colo., for plaintiff.

Kathleen Torres, Denver, Colo., for defendant.

## ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Plaintiff's complaint to review a final decision of the Defendant Secretary. Jurisdiction is proper under 42 U.S.C. § 405(g). After careful review of the briefs submitted and the record filed, the Court finds and rules as follows.

### Background

The Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (Act). Her application alleged disability since May of 1987 due to back and leg pain. Plaintiff's first application for benefits was denied, as was the subsequent reconsideration. The application proceeded to hearing, and on December 22, 1988, the Administrative Law Judge (ALJ) found that Plaintiff was not prevented from performing her past work and consequently, was not under any disability or entitled to any disability insurance benefits. On March 31, 1989, the Appeals Council concluded there was no basis for review of the ALJ's decision. Accordingly, that deci-

sion stands as the final decision of the Secretary.

### Plaintiff's Arguments

In this action, Plaintiff attacks the ALJ's ruling denying benefits on four separate grounds: (1) Plaintiff's allegations of chronic low back pain were not properly evaluated under the criteria of the *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987) decision; (2) the effect of Plaintiff's mental impairments on her security clearance and ability to perform work in the aerospace industry were not evaluated by the ALJ; (3) the ability to take care of daily living requirements in a non-pressure home setting does not constitute the ability to perform sustained work activity in a competitive work environment; and (4) recitation of the Plaintiff's financial status as it reflects on her motivation to seek employment is prejudicial and immaterial.

### Standard of Review

 This action challenges the Health and Human Services Secretary's final decision denying application for disability insurance benefits under Title II. The Court's function is to determine whether the Secretary's decision is supported by substantial evidence. *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.1987). The Court must affirm the Secretary's decision if it is supported by substantial evidence. *Eggleston v. Bowen*, 851 F.2d 1244, 1246 (10th Cir.1988). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir.1987). The Tenth Circuit has also noted that a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if it is based on a mere scintilla of evidence supporting it. *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988). In this regard, the court cannot reweigh evidence or substitute its judgment for that of the agency. *Id.* at 299, citing *Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir.1987).

### Burdens of the Parties

 In examining an agency decision under the substantial evidence rule, the court may also look to the burdens of both parties and whether these burdens were met. To justify a finding that a claimant is disabled, the claimant must show that she suffered an impairment or combination of impairments prior to the expiration of her insured status. *Potter v. Secretary of Health and Human Services*, 905 F.2d 1346, 1348–49 (10th Cir.1990). Absent such a showing, disability benefits will be denied it the Secretary finds either (1) that the claimant could return to her past relevant work; or (2) that other jobs exist in significant numbers in the national economy that she could perform 20 C.F.R. §§ 404.1520(e) and (f). Under the Social Security Act, the claimant bears the burden of proving disability as defined under the Act, which precludes her from engaging in her prior work activity. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.1989), citing *Reyes v. Bowen*, 845 F.2d 242 (10th Cir.1988). If a claimant cannot return to her past work, the Secretary has the burden of showing, by producing evidence, that the claimant retains the ability to perform alternative work and that such work exists in the national economy. *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir.1987). If the Secretary fails to meet this burden, a finding that the claimant is disabled is warranted. *Frey v. Bowen*, 816 F.2d at 512.

### Analysis of Plaintiff's Claims

In this action, the Court is concerned only with the Plaintiff's initial burden of proving her disability, as the Secretary has determined that she retained the residual functional capacity to perform her past relevant work. Rec. at 13.

 With regard to Plaintiff's first contention, that her chronic low back pain was not evaluated under the criteria set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987), that court noted that "the statute requires only a loose nexus between the proven impairment and the pain alleged." *Id.* at 164. The court noted further that "if an impairment is reasonably expected to

produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." *Id.* (emphasis in original) (citations omitted). However, the medical evidence (showing impairment) must be consistent with the nonmedical testimony as to the severity of the pain. *Talley v. Sullivan,* 908 F.2d 585, 587 (10th Cir.1990). In addition it must be noted that, while there can be little doubt that the Plaintiff experiences some pain as a result of her three back surgeries, "disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *Gossett v. Bowen,* 862 F.2d 802 (10th Cir.1988), citing *Brown v. Bowen,* 801 F.2d 361, 362–63 (10th Cir.1986), quoting *Dumas v. Schweiker,* 712 F.2d 1545, 1552 (2d Cir. 1983).

In the present case, the Secretary found that the Plaintiff's impairments did not prevent her from performing her past relevant work. This Court finds that the ALJ's determination properly evaluated her subjective claims of pain—as not wholly consistent with objective findings by physicians (see *Luna v. Bowen,* 834 F.2d at 164), as well as its effect on her functional limitation. Such a finding of no disability is also consistent with evidence viewed in the entire record. *Gossett v. Bowen,* 862 F.2d at 807. See also *Huston v. Bowen,* 838 F.2d 1125, 1131 (10th Cir.1988). With regard to Plaintiff's testimony regarding the level of pain she experiences, the ALJ found that testimony to be not credible. Rec. at 13. In discounting the Plaintiff's testimony as to the level of pain (see record at 11–12), it appears the ALJ based his decision on responses to questions which indicated Plaintiff's general sense of helplessness (see record at 43–47) and inconsistencies in responses regarding her daily activities (record at 54–60, *e.g.,* Plaintiff indicated that while she usually has her daughter perform vacuuming because the pushing hurts her back, she indicated no such limitation with push-mopping her floors).

This Court finds that the ALJ's ruling with regard to her claim that chronic low back pain amounts to disability is based upon substantial evidence.

Concerning Plaintiff's second argument, that the effect of Plaintiff's mental impairments were not properly evaluated in light of the security clearance required as well as the ability to perform work in the aerospace industry, the ALJ noted in his decision that Plaintiff has retained the residual functional capacity to perform work-related activities with exceptions noted in his findings (record at 13). That decision also found that her past relevant work did not require performance of the activities precluded by these limitations. With regard to Plaintiff's alleged "mental impairments" and any effect they might have on Plaintiff's work in the aerospace industry, the psychiatric reports contain no reference to any issue regarding "security clearance," nor does the transcript from the hearing before the ALJ reveal any reference to this issue. (See exhibits 34 and 35.) Plaintiff's second claim is unfounded.

■ With regard to the third issue raised in Plaintiff's complaint, that her ability to take care of daily living requirements in a non-pressure home setting does not constitute the ability to perform sustained work activity in a competitive work environment, the Court notes that sporadic or limited activities do not establish that the claimant can engage in light or sedentary work activities. *Byron v. Heckler,* 742 F.2d 1232 (10th Cir.1984); *Broadbent v. Harris,* 698 F.2d 407 (10th Cir.1983). However, such activities may be considered, along with other evidence, in determining whether a person is entitled to disability benefits. *Gossett v. Bowen,* 862 F.2d at 807. In light of the entire record, Plaintiff's activities support the ALJ's finding of nondisability.

■ Finally, Plaintiff asserts that the ALJ's recitation of the Plaintiff's financial status as it reflects upon her motivation to seek employment was prejudicial and immaterial. In *Ray v. Bowen,* 865 F.2d 222, 226 (10th Cir.1989), the Tenth Circuit stated "[t]he ALJ must determine the claimant's

eligibility for disability benefits in light of the entire record, with particular attention to medical evidence and evidence of motivation" (citations omitted). The ALJ is required, however, to be fair and impartial, and not prejudicial to a claimant's financial status. *Caldwell v. Sullivan*, 736 F.Supp. 1076, 1081 (D.Kan.1990).

In sum the Court concludes that the ALJ's decision denying disability benefits is based on substantial evidence. The decision accounts properly for both objective findings relating to Plaintiff's pain, as well as the subjective testimony by Plaintiff regarding the level of pain experienced. With regard to the mental aspect of her disability claim, the ALJ properly considered the reports of the psychiatrist and psychologist. To the extent that the evidence may have conflicted on this issue, the Court cannot reweigh the evidence. *Bernal v. Bowen*, 851 F.2d at 299. The ALJ's determination that impairments do not prevent Plaintiff from performing her past work is based on substantial evidence.

Accordingly, the Secretary's decision is AFFIRMED and Plaintiff's claims and this action are DISMISSED.