Raymond JORDAN, Plaintiff–Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant–Appellee.

No. 86–1658.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1987.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Peter Bernhardt, Asst. U.S. Atty., Tulsa, Okl. (Edwin L. Meese, U.S. Atty. Gen., Washington, D.C., Layn R. Phillips, U.S. Atty., Tulsa, Okl., Gayla Fuller, Chief Counsel, Patrick A. Hudson, Principal Regional Counsel, Social Security Disability Litigation Branch, Karen J. Behner, Asst. Regional Counsel, Office of the General Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., with him on the brief), for defendant-appellee.

Before SEYMOUR and MOORE, Circuit Judges, and ANDERSON,[*] District Judge.

SEYMOUR, Circuit Judge.

Raymond Jordan appeals an order of the district court affirming the decision of the Secretary of Health and Human Services to deny him Social Security disability benefits. Jordan argues that the decision is not supported by substantial evidence because the Administrative Law Judge did not fulfill his duty to elicit all relevant information. We affirm.

Jordan was a fifty-six year old man with a twelfth grade education on the date of a motorcycle accident in August 1983. He had worked for thirty-three years for Yuba Heat Transfer as a machinist, tool crib attendant, and shipping and receiving clerk. Although his injuries were severe, medical evidence suggested no lingering physical disability that prevented him from performing sedentary work. After the Social Security Administration denied him benefits, he sought and received an administrative hearing at which he appeared unrepresented, with his wife and former boss. He and his companions responded competently to the ALJ's questions. A vocational expert also testified. During the hearing, the ALJ provided Jordan with the opportunity to add additional information not yet elicited by questioning.

The ALJ noted that Jordan's physical injuries did not prevent him from performing light or sedentary work; therefore, severe pain was the only possible basis for awarding benefits. Jordan does not dispute this analysis. Finding insufficient medical evidence of disabling pain, and finding Jordan and the other lay witnesses' testimony unconvincing, the ALJ refused to grant benefits. The Appeals Council denied Jordan's request for review. Jordan then filed this complaint. A United States Magistrate issued a recommendation in favor of the Secretary to which Jordan filed objections. The district court adopted the findings of the magistrate, and Jordan appealed.

The crux of this case is whether the ALJ fulfilled his duty to Jordan to elicit all evidence relevant to a benefit decision. Jordan claims that the ALJ's pain decision was not based on substantial evidence because he failed in this duty. Specifically, Jordan points out that the ALJ did not ask him to describe his pain. In order to insure that benefit decisions are based on substantial evidence, we have held that "a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir.1987) (quoting *Heckler v. Campbell*, 461 U.S. 458, 471 n. 1, 103 S.Ct. 1952, 1959 n. 1, 76 L.Ed.2d 66 (1983)). In this case, Jordan was not represented by an attorney. The ALJ's duty was therefore heightened. *See id.*

■ After thoroughly reviewing the record of Jordan's benefit hearing, we conclude that the ALJ fulfilled his duty as we have defined it. Although he did not specifically ask Jordan to describe his pain, he asked a number of other questions obviously intended to determine the extent to which pain disabled the claimant. The ALJ began with a general question: "[C]ould you tell me ... why you feel that you're disabled now and not able to return to your work ...?" Rec., vol. II, at 23. Jordan responded by referring to his limited mobility. The ALJ then asked more specific questions such as "in what way can't you use your ... left arm?" *Id.* at 24. Later questions focused on objective evidence of pain such as Jordan's activities, use of crutches, and pain medication. *Id.* at 25–27, 36. Jordan stated that he does not use crutches, performs some household activities, and controls his pain with Extra-strength Tylenol. Such evidence plays an important role in determining whether a

---

[*] Honorable Aldon J. Anderson, Senior Judge, United States District Court, District of Utah, sitting by designation.

claimant suffers from disabling pain. *Luna v. Bowen,* 834 F.2d 161, 165–66 (10th Cir.1987). Finally, the ALJ concluded by asking "[i]s there anything else you want to tell me you feel might be helpful in trying to resolve your claim?" Rec, vol. II., at 28. If a claimant like Jordan is suffering from severe pain, such a series of questions would certainly elicit evidence thereof. In this case, Jordan's testimony did indicate that he experienced some pain. It simply failed to convince the factfinder that the pain was severe enough to limit the range of sedentary or light work he could do.

In determining whether the ALJ's resolution of the pain question was based on substantial evidence, we may not weigh the evidence nor substitute our judgment for that of the agency. *See Cagle v. Califano,* 638 F.2d 219, 220 (10th Cir.1981). Substantial evidence is more than a scintilla; it is such relevant evidence as a reasonable mind might deem adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971); *Teter v. Heckler,* 775 F.2d 1104, 1105 (10th Cir.1985).

▮ The medical reports of both Jordan's treating physician and the Secretary's examining physician indicated that he would suffer from some lingering pain. Rec., vol. II, at 115, 125. Neither report suggested that this pain resulted in total disability. Although Jordan had ample opportunity to assert greater levels of pain, his testimony was consistent with the medical reports. Considering all of the evidence, we conclude that substantial evidence supported the Secretary's decision to deny benefits.

Had the ALJ's questioning limited Jordan's efforts to put forth his personal allegations of disabling pain either through his own subjective testimony or through the testimony of his friends and family or treating physicians, we might reach a different result. Similarly, had Jordan's ability to respond for himself been limited by a lack of education or a language barrier, we might question the ALJ's handling of the hearing. *Cf. Dixon,* 811 F.2d at 510–11. The record suggests, however, that the ALJ's questions were probing enough to elicit all relevant evidence necessary to make an evaluation of the claim, and open-ended enough to permit Jordan to introduce additional information. The record also reveals that Jordan was capable of and did effectively respond to the ALJ's inquiries.

▮ Jordan contends that the ALJ's decision is undermined because he did not ask the vocational expert to consider all of Jordan's impairments, including pain, in reaching his decision. The Secretary responds that the vocational expert was called for the limited purpose of determining whether the skills Jordan acquired during his past work would transfer to the sedentary and light work the ALJ concluded the claimant could perform. Such limited use of a vocational expert is generally permissible. *Mongeur v. Heckler,* 722 F.2d 1033, 1039 (2d Cir.1983). An ALJ's reliance on a vocational expert who was not asked to consider the pain alleged could be improper if the claimant's pain has been or should have been found to hinder his ability to perform a full range of the work in question. *See Talbot v. Heckler,* 814 F.2d 1456, 1465 n. 6 (10th Cir.1987). Because there is substantial evidence supporting the conclusion that Jordan could perform the full range of light and sedentary work, the ALJ's limited use of the vocational expert was proper.

Affirmed.