**Esther PEREA, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 89–S–2214.**

United States District Court, D. Colorado.

Aug. 28, 1991.

Dolores Martinez Hernandez, Pueblo, Colo., for plaintiff.

Kathleen Torres, Denver, Colo., for defendant.

## ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Plaintiff's complaint to review a final decision of the Defendant Secretary. Jurisdiction is proper under 42 U.S.C. § 405(g). After careful review of the briefs sub-

mitted and the record filed, the Court finds and rules as follows.

## Background

The Plaintiff applied for disability insurance benefits under Title XVI of the Social Security Act (Act). Plaintiff filed her application for disability benefits on January 5, 1987. A hearing was held on January 7, 1988, and the Administrative Law Judge (ALJ) issued an unfavorable decision on April 14, 1988. Plaintiff then filed a request for review of that decision with the Appeals Council, which was granted. The Appeals Council remanded the decision to the ALJ for further proceedings. On February 2, 1989, the ALJ held a hearing and issued his decision, unfavorable to the Plaintiff, on March 28, 1989. The Appeals Council declined reconsideration of that decision on October 27, 1989. The ALJ's decision of March 28, 1989 is the final decision of the Secretary for purposes of this review.

## Plaintiff's Arguments

In her complaint, Plaintiff claims that the decision is not based on substantial evidence. In addition, Plaintiff argues that the Secretary applied the incorrect legal standards, and in particular, in its failure to (1) give sufficient weight to Plaintiff's testimony as to pain and dysfunction; (2) properly apply the list of impairments or consider them in combination; and (3) consider Plaintiff's religious beliefs.

## Standard of Review

This action challenges the Health and Human Services Secretary's final decision denying application for disability insurance benefits under Title XVI. The Court's function is to determine whether the Secretary's decision is supported by substantial evidence. *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir.1987). The Court must affirm the Secretary's decision if it is supported by substantial evidence. *Eggleston v. Bowen*, 851 F.2d 1244, 1246 (10th Cir.1988). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir.1987). The Tenth Circuit has also noted that a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if it is based on a mere scintilla of evidence supporting it. *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988). In this regard, the court cannot reweigh evidence or substitute its judgment for that of the agency. *Id.* at 299, citing *Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir.1987).

## Burdens of the Parties

Under the Social Security Act, the claimant bears the burden of proving disability as defined under the Act, which precludes her from engaging in her prior work activity. *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.1989), citing *Reyes v. Bowen*, 845 F.2d 242 (10th Cir.1988). The claimant bears the burden of proving a disability within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5). Once the claimant makes a prima facie showing of disability that prevents her engaging in her prior work activity, however, the burden of going forward shifts to the Secretary, who must show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy. 42 U.S.C. § 423(d)(2)(A). *Dollar v. Bowen*, 821 F.2d 530, 532 (10th Cir.1987), citing *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir.1984) (per curiam). If a claimant cannot return to her past work, the Secretary has the burden of showing, by producing evidence, that the claimant retains the ability to perform alternative work and that such work exists in the national economy. *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir.1987). If the Secretary fails to meet this burden, a finding that the claimant is disabled is warranted. *Frey v. Bowen*, 816 F.2d at 512. In this review, the Court examines whether the Secretary met its burden, as the ALJ determined that Plaintiff could not perform her past relevant work. With regard to Plaintiff's contention that the ALJ applied incorrect legal standards, the Court notes that the failure to apply the correct legal standard is also

grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir.1987), citing *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

### Analysis of Plaintiff's Claims

Concerning Plaintiff's first argument, that the ALJ failed to give sufficient weight to Plaintiff's testimony as to pain and disfunction, the Court notes that its scope of review is a narrow one. The Court cannot reweigh evidence or substitute its judgment for that of the agency. *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988) citing *Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir.1987). The ALJ found that Plaintiff was not precluded from performing a wide range of light work such as that identified by the vocational expert. That finding by the ALJ accounted for limitations due to the condition of Plaintiff's elbow, but discounted the effect of Plaintiff's other asserted impairments such as "urinary problems" and "female problems" as these conditions had not been established by any medical evidence. Subjective testimony that the claimant suffers pain, by itself, cannot establish a finding of disability. *Gossett v. Bowen*, 862 F.2d 802, 806 (10th Cir.1989). 42 U.S.C. § 423(d)(5)(A) requires a claimant to present objective medical evidence that shows the impairment can be reasonably expected to produce the pain which would lead to the conclusion that the individual is under a disability. *Luna v. Bowen*, 834 F.2d 161, 164 (10th Cir.1987). Under this standard, the claimant must demonstrate more than a potentially pain-causing impairment. *Id.* That medical evidence (showing impairment) must be consistent with the nonmedical testimony as to the severity of the pain. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir.1990).

With regard to Plaintiff's second argument, that the Secretary failed to properly apply the list of impairments or consider them in combination, this argument fails for substantially the same reasons as the Plaintiff's first argument. The ALJ found that although Plaintiff's residual functional capacity (RFC) was reduced by her inability to fully use her right arm and hand due to the elbow injury, she was not disabled. With regard to the Plaintiff's assertion that the Secretary failed to consider the impairments in combination, it appears that Plaintiff argues here that there was not a proper consideration of Plaintiff's other allegation of pain—those relating to her feet (corns), urinary problems (blood in her urine) and "female problems" (associated with menopause). In *Luna v. Bowen*, 834 F.2d at 164, the Tenth Circuit noted that the Social Security Act "requires only a loose nexus between the proven impairment and the pain alleged." That court further articulated the effect of a finding of objective medical evidence on subjective testimony regarding pain: "[T]he decision maker must consider all the evidence presented that could reasonably produce the pain alleged *once a claimant demonstrates a pain-causing impairment*" (emphasis added). *Id.* at 165. The two reports of the consulting physicians submitted by Drs. Drabing and Crosson, refer only to Plaintiff's problems with her right elbow injury. No reference is made to any other medical or painful condition. Dr. Crosson's report (rec. at 227) states in particular: "The patient states that she takes no medicines at the present time, and she has no medical problems she knows of." A review of the record indicates that there was no objective medical evidence of any condition which could cause pain associated with Plaintiff's asserted urinary problems, female problems, or sore feet. Accordingly, the decision maker (ALJ) was not required to consider all the evidence presented that could reasonably produce the pain alleged (that not associated with her right arm or elbow). At the second hearing before the ALJ, and from which this review action is taken, the ALJ found that Plaintiff was unable to perform her past relevant work. Therefore, the testimony of a vocational expert was taken for the purposes of establishing whether the Plaintiff could perform jobs in light of her reduced RFC.

The ALJ's decision was proper under the dictates of *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir.1987) requiring a two step determination where a claimant suffers from both exertional and nonexertional impairments. In a hypothetical to the voca-

tional expert, Dr. Best, by Plaintiff's attorney at the hearing, the vocational expert took into consideration the urinary problems and occasional (perhaps once every two months for a two week period) hot flashes associated with menopause and he concluded that Plaintiff would be unable to work while she was suffering from hot flashes. (Rec. 138–40) These factors were considered by the ALJ even though no objective medical evidence of them was offered. The Court finds that the ALJ's determination regarding Plaintiff's impairments, in light of the vocational expert's, as well as other testimony by witnesses, was based on substantial evidence.

Finally, Plaintiff asserts that the Secretary failed to consider the Plaintiff's religious beliefs. Here the Plaintiff offers no argument apart from mere assertion that her religious beliefs prevented her from receiving medical treatment for any of her conditions. This assertion has little bearing on the dearth of medical evidence regarding her condition apart from her right elbow. The issue before the Court is not any medical treatment from which Plaintiff might have abstained from due to her religious beliefs, but rather the existence of any condition which would necessitate medical treatment (and which would be determinable by a diagnosis). The ALJ noted that the Plaintiff was not required to follow any prescribed medical treatment due to her religious beliefs, 20 C.F.R. § 404.1530, but that this fact did not lessen the claimant's burden of establishing objective medical evidence of the problems. (Rec. at 13)

Accordingly, this Court determines that the Secretary has met its burden of showing that Plaintiff retains the ability perform alternative work and that such work exists in the national (and here local) economy. *Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir.1987). As the decision of the Secretary is based on substantial evidence, the ALJ's decision is AFFIRMED and this action is DISMISSED.