949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia L. PARKS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 91-7034.
 United States Court of Appeals, Tenth Circuit.
 Dec. 4, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant appeals from the district court order affirming the Secretary's decision to deny claimant's application for disability benefits under the Social Security Act. Claimant asserted she was disabled due to problems with her back and both legs. After two evidentiary hearings, the administrative law judge (ALJ) determined, at the fifth level of the applicable five-step sequential analysis, see 20 C.F.R. § 404.1520; see also, e.g., Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988), that claimant was not disabled; although she could not return to her past relevant work as a sewing machine operator, she possessed the residual functional capacity to perform other work. The Appeals Council denied claimant's request for review, making the ALJ's decision the Secretary's final determination. Claimant appealed the Secretary's decision to the district court, which affirmed the denial of benefits.
 
 
 4
 On appeal claimant asserts two grounds for reversal of the Secretary's decision: 1) the ALJ's decision was not supported by substantial evidence found in the record; and 2) the ALJ erred in relying upon the testimony of the vocational expert elicited by improper hypothetical questions posed by the ALJ.
 
 
 5
 "This court reviews the Secretary's decision to determine only whether his findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making his decision." Hargis v. Sullivan, No. 90-6188, slip op. at 6 (10th Cir. Oct. 4, 1991) (to be reported at 945 F.2d 1482). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id. at 7. After careful review of the record, we affirm.
 
 
 6
 In May 1986, claimant strained her back at work. The ALJ determined that by November 1986 claimant had regained the residual functional capacity to do at least sedentary work. In December 1986, claimant broke her right femur in a car accident. Based on medical evidence that this injury had healed by October 1987, the ALJ determined that claimant had again regained the residual functional capacity to do sedentary work.
 
 
 7
 Substantial evidence in the record supported the ALJ's determinations that the claimant could perform sedentary work. In making these determinations the ALJ properly considered claimant's complaints of pain. See generally Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990); Luna v. Bowen, 834 F.2d 161, 163-66 (10th Cir.1987). Further, in denying claimant's benefits, the ALJ properly relied on the vocational expert's response to a hypothetical question because the question was based on assumptions supported by substantial evidence in the record. See Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir.1983), cited in Brown v. Bowen, 801 F.2d 361, 363 n. 3 (10th Cir.1986); see also, e.g., Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987) (appropriate for ALJ to rely upon vocational expert's testimony, elicited by ALJ's hypothetical question which did not take into account claimant's complaints of pain, because substantial evidence supported conclusion claimant's pain did not interfere with claimant's ability to do work).
 
 
 8
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3