999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary Kay McELROY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2209.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 1
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 RICHARD D. ROGERS, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant-appellant Mary Kay McElroy appeals from the district court's decision affirming the Secretary's denial of disability and supplemental security income benefits. "This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.
 
 
 6
 Claimant asserted that she has been disabled since April 26, 1986, when she suffered a closed head injury in a motorcycle accident. The administrative law judge (ALJ), after considering the applicable five-step sequential analysis, see 20 C.F.R. §§ 404.1520 and 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), denied claimant benefits, determining that she retained the residual functional capacity to perform her past relevant work as a cashier or a self-service gas station attendant. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision. The district court affirmed the denial of benefits.
 
 
 7
 On appeal, claimant challenges the hypothetical question submitted by the ALJ to the vocational expert because the question did not include all of claimant's impairments. Review of the record indicates that the hypothetical question was supported by substantial evidence. See Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir.1983), cited in Brown v. Bowen, 801 F.2d 361, 363 n. 3 (10th Cir.1986). Further, the ALJ did not err in refusing to include claimant's requested information. Cf. Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987) (appropriate for ALJ to rely on vocational expert's testimony, elicited by ALJ's hypothetical question which did not take into account claimant's complaints of pain, because substantial evidence supported conclusion that pain did not interfere with claimant's ability to do work).
 
 
 8
 Claimant's remaining arguments are unpersuasive. We, therefore, AFFIRM the district court's decision upholding the Secretary's denial of benefits for substantially the reasons stated in the district court's memorandum opinion and order dated August 4, 1992.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation