13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald R. MORGAN, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-5054.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Donald R. Morgan appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny claimant's application for social security disability insurance benefits and supplemental security income. Because we find that substantial evidence supports the ALJ's determination and that the law was properly applied in this case, we affirm.
 
 
 4
 Claimant is a thirty-six year old man with a tenth grade education. He claims disability since August 1989 due to back pain, chest pain, and knee and ankle swelling. Claimant's application was denied initially and on reconsideration. After a hearing before an administrative law judge, the ALJ denied benefits at step five of the five-part sequential evaluation process for determining disability. See 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(discussing five-step process). The ALJ determined that claimant retained the residual functional capacity to perform light and sedentary work, Appellant's App., Vol. II at 10-11, and that, therefore, claimant was not disabled. Id. at 10. We have jurisdiction under 42 U.S.C. 405(g) and 28 U.S.C. 1291.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). In order to determine whether the Secretary's decision is supported by substantial evidence, we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 6
 On appeal, claimant contends that the ALJ's decision is not supported by substantial evidence. He further argues that the ALJ neglected to follow the testimony of the vocational expert and erred in applying the medical-vocational guidelines. We address each contention in order.
 
 
 7
 Claimant contends the medical evidence established that he is disabled because of severe pain and nonexertional impairments. The only evidence of disabling pain, however, is from claimant's own testimony. That evidence, by itself, is insufficient to establish disability. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir.1992). "By statute, objective medical evidence must establish an impairment that reasonably could be expected to produce the alleged pain, and statements regarding the intensity and persistence of the pain must be consistent with medical findings and signs." Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988)(citing Gatson v. Bowen, 838 F.2d 442, 447 (10th Cir.1988)); Luna v. Bowen, 834 F.2d 161, 162-66 (10th Cir.1987); 42 U.S.C. 423(d)(5)(A)). Here, claimant seems to argue that because he had heart surgery in 1981, back surgery in 1988, and had also experienced an episode of pneumothorax (collapsed lung), he has disabling pain. There is no evidence in the record, however, that such pain has been the result of these medical events. On the contrary, numerous references in the record attest to claimant's good health and full recovery from past ailments.
 
 
 8
 A history and physical exam done on August 29, 1989, at the time of claimant's admission to St. John's Medical Center for treatment of the pneumothorax, noted that claimant's "general health has been very good and he has had no serious medical illnesses." Appellant's App., Vol. II at 158. He is further described as having been "in his usual state of excellent health" when the pneumothorax occurred. Id. On September 13, 1989, approximately two weeks after claimant filed for social security benefits, the follow-up exam to evaluate claimant's pneumothorax produced a negative chest x-ray, and an opinion from claimant's physician that he was getting along well and that he could return to work. Id. at 165.
 
 
 9
 A residual physical functional capacity assessment done by Dr. Charles Harris in December 1989 concluded that claimant suffers from degenerative disc disease but that his range of motion was quite good. Id. at 80-81. The collapsed lung problem had been resolved, id. at 80, with no sign or symptom of severe respiratory disease, id. at 82. There was also no sign of heart disease. Id. Dr. Harris found that claimant could stand for six out of eight hours and that his pain did not further limit his residual functional capacity. Id. at 81-82. With regard to claimant's allegations of swelling in his ankles and knees, Dr. Harris noted no edema or arthritis present. Id. at 85. Thus, no "objective medical evidence [has established] an impairment that reasonably could be expected to produce the alleged pain." Gossett, 862 F.2d at 806. The inconsistency between claimant's allegation of severe and constant pain and the normal medical evidence identified above is substantial evidence to support the ALJ's decision. Cf. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir.1992)(finding of no substantial evidence will be justified only where there are no other credible choices or no medical evidence to the contrary).
 
 
 10
 Claimant next argues that the ALJ failed to ask a proper hypothetical of the vocational expert because the question asked did not include claimant's testimony that pain precluded him from sitting for more than thirty minutes, standing for more than twenty minutes, and lifting more than twenty pounds. The ALJ, however, found claimant's subjective allegations of pain to be "neither credible nor supported by the documentary evidence of record." Appellant's App., Vol. II at 13. A claimed impairment that is unworthy of credence need not be included in a hypothetical. See Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987)(ALJ's failure to include complaints of pain in hypothetical was not inappropriate as there was no sufficient evidence that pain interfered with claimant's ability to work).
 
 
 11
 Claimant finally argues that the ALJ should not have applied the medical-vocational guidelines, Appendix 2 to 20 C.F.R. 404.1569, to his case because of the presence of nonexertional impairments. He contends that the ALJ recognized the presence of nonexertional impairments when he concluded that claimant could not perform his past relevant work. This conclusion, however, does not necessarily imply that claimant suffers from nonexertional impairments. Indeed, the ALJ's decision specifically finds that "[t]here are no nonexertional limitations," Appellant's App., Vol. II at 16, a finding which has substantial support in the record. It therefore was not error for the ALJ to apply the medical-vocational guidelines "to demonstrate the existence of substantial gainful work in which [claimant] could engage." Gossett, 862 F.2d at 808.
 
 
 12
 The judgment of the United States District Court for the Northern District of Oklahoma is affirmed.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3