13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gloria S. STOWE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-7034.
 United States Court of Appeals, Tenth Circuit.
 Dec. 2, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Gloria S. Stowe appeals from the district court's judgment adopting the Report and Recommendation of the magistrate judge affirming the Secretary of Health and Human Services' denial of her application for supplemental security income benefits under section 1602 of the Social Security Act, 42 U.S.C. 1381a. Following a hearing, claimant's application was denied initially on January 1, 1990. On February 14, 1991, the Appeals Council remanded the matter for a supplemental hearing to enable the ALJ to more fully evaluate claimant's subjective complaints of pain, to obtain the testimony of a vocational expert, and to consider the opinion of a treating physician that claimant is unable to hold down a full time job. A second hearing before an administrative law judge was held on April 25, 1991, again resulting in a decision of no disability. The Appeals Council denied review, making the ALJ's second decision the final decision of the Secretary for purposes of review. Williams v. Bowen, 844 F.2d 748, 749 (10th Cir.1988).
 
 
 4
 On appeal, claimant contends that (1) the Secretary's decision was not based on substantial evidence and (2) the decision was based on an improper hypothetical question posed to the vocational expert. Judicial review of the Secretary's determination is limited; this court's only function is to determine whether the record as a whole contains substantial evidence to support the Secretary's decision. See id. at 750. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support the conclusion reached by the Secretary. See Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 5
 The Secretary has established a five-step evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.[2] See Williams, 844 F.2d at 750-52 (providing an in-depth discussion of the five steps). In this case, the ALJ concluded at step five of the evaluation that claimant retained the residual functional capacity to perform sedentary work available in the local and national economy.
 
 
 6
 Claimant, a forty-year-old woman with a ninth grade formal education and a GED, last worked as a teacher's assistant in a Headstart nursery school. Claimant has been mainly a housewife and therefore, has less than twelve months total work history outside the home. Claimant alleges disability since April 1989, because of nerves, headaches, and arthritis.
 
 
 7
 Initially, claimant appears to argue that the ALJ did not adequately evaluate her claims of disabling pain. See Luna v. Bowen, 834 F.2d 161, 163 (10th Cir.1987)(setting forth the framework to be used in evaluating complaints of pain). In considering claimant's allegations of disabling pain under the guidelines of Luna and Social Security Ruling 88-13[3], the ALJ concluded that claimant's statements and testimony about disabling pain were not wholly credible and were probably exaggerated. R.Vol. II at 19. The ALJ determined that, although claimant continues to take medication for her arthritic discomfort, there were no "detectable clinical findings" to support her contention that her pain is so severe either alone or in combination with other impairments as to preclude her from engaging in the sedentary work suggested by the vocational expert. Id. "To determine whether a claimant's pain is disabling, 'the Secretary is entitled to examine the medical record and evaluate a claimant's credibility. Moreover, a claimant's subjective complaint of pain is by itself insufficient to establish disability.' " Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990)(quoting Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986)).
 
 
 8
 "The medical records must be consistent with the nonmedical testimony as to the severity of the pain." Talley, 908 F.2d at 587. Claimant has failed to point to any medical evidence to support her contention that her pain was disabling. In July 1986, Dr. William G. Martin opined that claimant has seronegative rheumatoid arthritis, and "should [not] work until the synovitis is controlled." R. Vol. II at 242. He suggested that she should not do any activity which involved "lifting, prolonged walking, standing, stooping or sitting" and should avoid situations involving "environmental stress." Id. However, as noted by Dr. Gordon Strom, following an examination in September 1986, Dr. Martin's evaluation was not supported by x-rays or other evidence of inflammatory arthritis of the intensity and magnitude of which claimant complains. Id. at 240. " 'To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " Brown, 801 F.2d at 362-63 (quoting Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir.1983)). The ALJ's analysis of claimant's pain is amply supported by the record. While claimant testified that her pain was incapacitating, this allegation lacks medical substantiation. Also, claimant's statements regarding her activities are inconsistent with her reports of disabling pain. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988)(credibility determinations by the ALJ are generally binding on review). The inability to work without pain is insufficient reason to find a claimant disabled. Id.
 
 
 9
 Next, claimant argues that she is unable to perform the sedentary work suggested by the vocational expert because of her "post-traumatic stress syndrome." Appellant's Br. at 15-16. It appears that claimant was the victim of a sexual attack as a teenager. In June 1989, at the request of the Secretary, Dr. Theresa Garton, a psychiatrist, examined claimant and assessed her as suffering from posttraumatic stress disorder aggravated by the fact that she must see her attacker around her hometown. R. Vol. II at 218. She also suggested that claimant had the "possibility of several personality disorders." Id. However, Dr. Garton found claimant to be only slightly depressed, alert, oriented, logical, and with no evidence of psychosis. Id.
 
 
 10
 In determining whether a claimant is disabled due to mental impairments, the Secretary is required to follow a special procedure. Hill v. Sullivan, 924 F.2d 972, 974-75 (10th Cir.1991). The Secretary must determine whether a mental disorder exists and whether the disorder, alone or in combination with other impairments, impacts the claimant's ability to function to an extent that warrants a determination of disability. Pursuant to the regulations, the agency must complete a Psychiatric Review Technique Form which is essentially a checklist that tracks the requirements of the Listings of Mental Disorders. See 20 C.F.R. 404.1520a(d).
 
 
 11
 At claimant's original hearing on November 15, 1989, the ALJ received the medical expert testimony of Dr. Randy L. Crittenden, a psychologist. After reviewing claimant's file and observing claimant during the hearing, Dr. Crittenden testified that her depression and anxiety in crowds appear to be primarily situational. R. Vol. II at 70. He opined that she did not appear to be "remarkably impaired" and was able to "manage her affect even when distressed." Id. at 71. He stated that she would be able to perform simple jobs, in small groups of people, but not alone or in public. He stated that she should avoid tasks requiring complex instructions. Id. at 72. On the Psychiatric Review Technique Form, he found her daily living activities and social functioning to be only moderately restricted, her concentration limitations to occur seldom, and her episodes of deterioration or decompensation in work or work-like settings to have occurred only once or twice. Id. at 46, 73-74.
 
 
 12
 There is evidence in the record that claimant was treated at the Carl Albert Community Mental Health Center on various occasions. The mental assessment of concern to the Appeals Council in remanding claimant's case for an additional hearing was a one-sentence letter dated May 4, 1989, signed by "Jim Dandridge, Intern" which stated, "[i]n my opinion, Gloria Sue Stowe is not emotionally capable of holding down a full time job." R. Vol. II at 234. However, as discussed by the ALJ, there is no evidence in the record of the medical qualifications of Jim Dandridge to make this assessment, or indication that he had any involvement in the treatment of claimant except for a February 1989 "Psychosocial Evaluation." R.Vol. II at 199-200. Therefore, the ALJ's disregard of this brief and unsubstantiated opinion is not in error.
 
 
 13
 Finally, claimant argues that the hypothetical questions posed by the ALJ to the vocational expert were "incomplete, defective and objectionable." Appellant's Br. at 17. Specifically, claimant contends that the hypothetical questions did not consider claimant's impairments in combination. Hypothetical questions posed to vocational experts must sufficiently relate the claimant's particular physical and mental impairments. Cf. Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991). However, this court has held that the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ, and a hypothetical question will be improper only if it was clearly deficient. Brown, 801 F.2d at 363 & n.3.
 
 
 14
 The ALJ posed a cumulative hypothetical question to the vocational expert, first requiring an assumption that claimant could only engage in sedentary work tasks considering her age, education, and past experience. R. Vol. II at 91-92. In response to this assumption, the vocational expert opined that claimant could perform the job of an entry level teacher's aide or cashier. Id. at 92. The ALJ then added the restrictions of her mental impairment, referring to the psychiatric review technique form completed after the initial hearing. Id. at 92-93. Adding these restrictions, the vocational expert continued to be of the opinion that claimant could do these two entry level jobs. Id. at 93. However, asking the vocational expert to then assume that claimant's complaints of pain were credible, the vocational expert opined that with the degree of pain claimed by claimant, she would be unable to work. Id. at 93-94. Thus, contrary to claimant's assertion, the cumulative question posed to the vocational expert was inclusive of all of claimant's alleged impairments.
 
 
 15
 The ALJ found that claimant's allegations of disabling pain were not credible. The ALJ was under no obligation to include claimant's allegations of disabling pain in the hypothetical. See Jordan v. Heckler, 835 F.2d 1314, 1317 (10th Cir.1987)(ALJ's failure to include complaints of pain in hypothetical was not inappropriate as there was not sufficient evidence that pain interfered with claimant's ability to work). Therefore, even though the ALJ included claimant's unsupported claims of pain in the hypothetical, the vocational expert's opinion based on these claims was not binding on the ALJ. See Talley, 908 F.2d at 588 (vocational expert's opinion based on unsubstantiated impairments in hypothetical not binding on ALJ). The ALJ's reliance on the testimony of the vocational expert as to claimant's ability to work, considering the impairments which were substantiated, was not error.
 
 
 16
 Claimant urges this court to overturn its decision in Diaz v. Secretary of Health & Human Servs., 898 F.2d 774 (10th Cir.1990), as illustrative of this court's misunderstanding of the use of a vocational expert in social security cases. One panel of this court cannot overrule the opinion of another panel. See United States v. Zapata, 997 F.2d 751, 759 (10th Cir.1993). Moreover, this court's holding in Diaz that any error in the hypothetical question posed to the vocational expert had minimal effect because the expert was present during the hearing and was aware of all of the claimant's disability claims, 898 F.2d at 777, is not in conflict with other circuit decisions regarding the required content of hypothetical questions. See Gay v. Sullivan, 986 F.2d 1336, 1341 n.3 (10th Cir.1993). Claimant's argument to the contrary is unpersuasive.[4]
 
 
 17
 The Secretary's decision that claimant is not disabled within the meaning of the Social Security Act is supported by substantial evidence. Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We note that counsel for claimant has added a sixth step to the Secretary's evaluation. See Appellant's Br. at 8-9. However, counsel does not provide us with a source or authority for this embellishment
 
 
 [3]
 Social Security Ruling 88-13 sets forth the nonmedical evidence to be considered when evaluating a claimant's subjective complaints of pain
 
 
 [4]
 We take note that counsel has persisted in making the identical argument in many previous cases. Because the result of those arguments has been the same, we must advise him that his contentions are now regarded as frivolous. Counsel is further advised that continuation of this persistence may be grounds for future sanctions