13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kim L. McGOUGH, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7073.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1993.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Kim McGough appeals an order of the district court affirming the decision of the Secretary of Health and Human Services to deny him Social Security disability benefits. Plaintiff argues that the Secretary's decision is not supported by substantial evidence, that the Administrative Law Judge (ALJ) posed improper hypothetical questions to the vocational expert, and that the ALJ erred in relying on the grids in determining an absence of disability. We affirm.
 
 
 4
 At the time of the ALJ's decision, plaintiff was a forty year old male with a twelfth grade education and thirty-one hours of business college. He had previously worked as a census enumerator, concrete finisher, concrete truck driver, and lumber yard laborer. Plaintiff alleged disability since March 26, 1987, but the ALJ found that the date after which he must determine whether plaintiff was under a disability was July 28, 1989.[2] Plaintiff alleges disability because of constant pain. Finding insufficient evidence of disabling pain, and finding plaintiff's testimony regarding his pain not credible, the ALJ refused to grant benefits. The Appeals Council denied review. Plaintiff then filed a complaint in the district court, a United States Magistrate issued a recommendation in favor of the Secretary, and the district court adopted the magistrate's findings.
 
 
 5
 Our review of the Secretary's decision is limited to determining whether substantial evidence supports the decision and whether the Secretary applied the correct legal standards. Gay v. Sullivan, 986 F.2d 1336, 1338 (10th Cir.1993). We may neither weigh the evidence nor substitute our judgment for that of the agency. Cagle v. Califano, 638 F.2d 219, 220 (10th Cir.1981). Substantial evidence is such that a reasonable mind might accept as adequate to support a conclusion; substantial evidence is more than a scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 6
 The ALJ found that, even though plaintiff could not perform his past work, he could perform light or sedentary work. Plaintiff contends that the ALJ's conclusion is not supported by substantial evidence in the record. The ALJ found plaintiff's complaints of pain severe enough to keep him from performing light or sedentary work not credible. " '[W]e generally treat credibility determinations made by an ALJ as binding upon review.' " Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.1990)(quoting Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988)). Further, the medical evidence does not substantiate plaintiff's alleged inability to perform light or sedentary work. Having carefully reviewed the record, we conclude that the Secretary's decision was based on substantial evidence.
 
 
 7
 Plaintiff also claims that the ALJ posed narrow, incomplete, misleading, and conclusory hypothetical questions to the vocational expert and that reliance on the answers thereto constitutes error. The crux of plaintiff's complaint in this regard is that the ALJ asked the vocational expert:
 
 
 8
 Assuming that I should find from the evidence, including the testimony as well as the medical evidence, that Mr. McGough would be able to perform sedentary work as defined in the regulations. Are there sedentary jobs that he would be able to perform based on his age, education and past work experience?
 
 
 9
 ....
 
 
 10
 Assuming that I should find that he could perform light work, are there light jobs he would be able to perform?
 
 
 11
 Appellant's App. at 56. Plaintiff argues that responses to these questions cannot constitute substantial evidence because the questions do not sufficiently relate plaintiff's pain allegations. We find no merit in plaintiff's contention of error because the ALJ found plaintiff's pain allegations incredible, and the ALJ was, therefore, under no obligation to include the pain factor in his hypotheticals to the vocational expert. See Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987)(ALJ's failure to include pain factor in hypotheticals was not inappropriate because there was not sufficient evidence that plaintiff's pain prohibited him from performing light or sedentary work).[3]
 
 
 12
 Finally, plaintiff argues that the ALJ erred in relying on the grids[4] in light of plaintiff's alleged nonexertional pain allegation. Again, the ALJ was not persuaded by plaintiff's allegations of pain severe enough to render him disabled. Reliance on the grids was proper after the ALJ found plaintiff's pain allegations incredible. See Talley, 908 F.2d at 588.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff had previously filed an application for benefits which was denied on September 30, 1987, and the denial was affirmed by the Appeals Council. The ALJ found no basis for reopening the previous final decision and, therefore, concluded that the beginning date for the period under consideration for the application before him was October 1, 1988
 The ALJ then concluded that plaintiff had performed substantial gainful activity within a year from the beginning date under consideration. The ALJ concluded, therefore, that plaintiff was not under a disability on or before July 28, 1989, the date he had last performed substantial gainful activity. Plaintiff does not challenge these findings.
 
 
 [3]
 We also note that plaintiff's counsel examined the vocational expert and posed questions which related counsel's understanding of plaintiff's physical limitations resulting from pain. The ALJ, therefore, was privy to the vocational expert's testimony given plaintiff's alleged pain. See Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986). In addition, the vocational expert was present for much of plaintiff's testimony, which included several references to the severity of his pain. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990)(effect of error in hypothetical, if any, was minimal because vocational expert was present and heard testimony of alleged impairments)
 
 
 [4]
 Medical-Vocational Guidelines, 20 C.F.R. 404 Subpt. P, App.2