16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eloy Arthur CHAVEZ, Plaintiff-Appellant,
v.
Donna SHALALA, Defendant-Appellee.
 No. 93-1121.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SETH, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from plaintiff's application for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. 401 et seq., and Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. 1381 et seq. Plaintiff's applications were denied initially and upon reconsideration. The administrative law judge (ALJ) then found that plaintiff was not entitled to benefits, and the Appeals Council adopted the ALJ's decision. Plaintiff filed the present action in district court, and the district court adopted the magistrate's report, which recommended that the decision of the Secretary be affirmed. Plaintiff now appeals the district court's decision.
 
 
 3
 Plaintiff claims that he has disabling neck and back problems that stem from an on-the-job fall from a ladder in 1985. Following the five-step evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(detailing five-step process), the ALJ found that plaintiff could not return to his past work. Appellant's App. at 19. At step five, however, the ALJ found that plaintiff retained the residual functional capacity to perform sedentary work. Id. At the fifth step, the burden shifts to the Secretary to show whether the plaintiff retains the ability to do alternative work and whether such work exists in the national economy. Campbell v. Bowen, 822 F.2d 1518, 1522 (10th Cir.1987). The ALJ relied on the testimony of a vocational expert in finding that plaintiff was capable of working as a telephone solicitor and that the position exists in significant numbers in the regional economy. Appellant's App. at 20-21.
 
 
 4
 Our review of the Secretary's determination regarding disability is limited. We must "determine whether the record as a whole contains substantial evidence to support the Secretary's decision and whether the Secretary applied the correct legal standards." Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir.1992). " '[S]ubstantial evidence is more than a scintilla; it is such relevant evidence as a reasonable mind might deem adequate to support a conclusion.' " Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir.1992)(quoting Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987)).
 
 
 5
 We have carefully reviewed the entire record before us, and we conclude that substantial evidence exists to support the Secretary's findings. The record contains evidence that plaintiff's treating physicians were of the opinion that he could return to work of a sedentary nature. Appellant's App. at 156, 159, 239. In addition, at least one consulting physician concluded that plaintiff should avoid heavy lifting and repetitive bending and twisting of his back without ruling out the possibility of returning to sedentary work. Id. at 253.
 
 
 6
 The record also indicates that the ALJ sufficiently accounted for plaintiff's claims of nonexertional limitations in his findings regarding plaintiff's capacity for sedentary work. See Hargis v. Sullivan, 945 F.2d 1482, 1490-91 (10th Cir.1991); Appellant's App. at 20. The ALJ solicited testimony from a vocational expert regarding the availability of jobs plaintiff would be capable of performing, considering his limitations and pain factor. Id. at 71. The vocational expert also testified as to the existence of such jobs in the economy. Id.
 
 
 7
 Plaintiff argues that the district court erred in refusing to remand based on new evidence. "In order to find a remand appropriate, we normally must determine that the new evidence would have changed the Secretary's decision had it been before [her]." Hargis, 945 F.2d at 1493. We have reviewed the evidence that plaintiff argues justifies a remand, and we conclude that it would not have changed the Secretary's decision had it been before her.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---