21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara J. McGUIRE, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Donna Shalala,
Secretary, Defendant-Appellee.
 No. 93-5210.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1994.
 
 1
 Before BRORBY and EBEL, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Barbara McGuire appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services denying her application for social security disability benefits. Claimant states her issues on appeal as (1)whether the decision of the Secretary was based on substantial evidence, (2)whether the administrative law judge erred in applying the medical-vocational guidelines (the grids) to this case, and (3)whether the ALJ's decision was based on an improper and incomplete hypothetical question posed to a vocational expert witness.
 
 
 4
 Claimant, a forty-six year old woman, filed for social security benefits on June 30, 1988.[2] Claimant claims disability from February 20, 1985, due to pain from degenerative disc disease and asthma. Claimant had been employed in the past reading mail and housekeeping at Oral Roberts University, as a delicatessen manager, a school cook, a sewing machine operator, and a meat wrapper and checker at a grocery store.
 
 
 5
 Claimant's application was denied initially and on reconsideration. Claimant requested and was granted a hearing before an ALJ on March 17, 1989. The ALJ denied claimant's application. Her subsequent request for review was granted and the Appeals Council remanded claimant's case to the Office of Hearings and Appeals for a supplemental hearing to obtain vocational expert testimony regarding her residual functional capacity to perform work, considering the nonexertional limitations imposed by her impairments. Following a supplemental hearing on February 21, 1991, claimant was again denied benefits. Her subsequent request for review was denied, and this suit followed.
 
 
 6
 Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and "whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). This does not mean our review is merely cursory. In order to determine whether the Secretary's decision is supported by substantial evidence we must meticulously examine the record. However, we may neither reweigh the evidence nor substitute our discretion for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 7
 In order to determine whether a claimant is under a disability, the Secretary applies a five-step process. 20 C.F.R. 404.1520, 416.920; see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(providing an in-depth discussion of the five steps). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). Claimant has the burden of proving that she has a disability which prevents her from engaging in her prior work activity. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989). Once claimant meets this burden, the burden shifts to the Secretary to show that claimant can perform other jobs existing in her locality and in the national economy. Id. In this case, the ALJ concluded that claimant was not able to return to her past relevant work, but that other sedentary jobs existed which she would be capable of performing.
 
 
 8
 Based upon our review of the appellate record and the briefs of the parties, we are in agreement with the district court's conclusion that substantial evidence exists to support the Secretary's decision that claimant is not disabled within the meaning of the Social Security Act. Therefore, we affirm the district court's order for substantially the reasons stated therein. However, for clarity, we briefly address claimant's arguments regarding the ALJ's application of Social Security Ruling 83-12, and the propriety of the hypothetical questions posed to the vocational expert.
 
 
 9
 The ALJ found that claimant could not "sit or stand more than 30 minutes to an hour at a time." R. Vol. II at 28. Claimant argues that this nonexertional limitation circumscribes the sedentary jobs she can perform to the point that she should be found to be disabled. Claimant contends that the ALJ erred in relying solely on the grids, 20 C.F.R. Part 404, Subpart P, Appendix 2, and that Ruling 83-12 mandates a finding of disabled in the event a claimant's impairments require a pattern of alternating sitting and standing. Ruling 83-12 states that "[i]n cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." Social Security Ruling 83-12, [1983-1991 Rulings] Soc. Sec. Rep. Serv. (West) 40 (1992). Claimant misconstrues the ruling and her contention lacks merit.
 
 
 10
 In support of her argument, claimant cites a Sixth Circuit decision in which the ALJ relied solely on the grids to determine that the claimant was not disabled despite the claimant's need to stand and sit alternately. Wages v. Secretary of Health & Human Servs., 755 F.2d 495 (6th Cir.1985). When a claimant has nonexertional impairments such as pain or postural limitations, a disability determination must be made by looking outside the grids. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993). This may be accomplished by obtaining the opinion of a vocational expert witness. Social Security Ruling 83-12, [1983-1991 Rulings] Soc. Sec. Rep. Serv. at 37, 40; Trimiar v. Sullivan, 966 F.2d 1326, 1333 (10th Cir.1992). In Wages, no vocational expert witness was consulted and the ALJ relied on a mechanical application of the grids to determine that claimant was not disabled despite claimant's need to alternate between sitting and standing. 755 F.2d at 497-98. In contrast, the ALJ in this case considered claimant's nonexertional impairments of "mild to moderate pain and allergies," and properly applied the grids only as a framework. See R. Vol. II at 27. Therefore, contrary to claimant's assertion, the ALJ properly followed the language of Ruling 83-12 and consulted a vocational expert regarding the number of jobs available to claimant in the national economy, considering claimant's reduced potential occupational base.
 
 
 11
 Finally, claimant contends that the hypothetical question posed to the vocational expert by the ALJ was misleading in that it did not include all of claimant's impairments. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991)(quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir.1990)). However, in formulating a hypothetical question, the ALJ must rely only on those impairments supported by substantial evidence in the record. See Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir.1990).
 
 
 12
 Initially, the ALJ explored with the vocational expert the nature of the tasks involved in claimant's prior work activities. R. Vol. II at 118-124. The ALJ then posed a series of cumulative questions to the vocational expert thoroughly covering claimant's actual impairments. The vocational expert testified that claimant had the residual function capacity to perform a number of sedentary jobs existing in sufficient numbers in the national economy. Id. at 126-29.
 
 
 13
 Counsel for claimant was then given an opportunity to question the expert witness. Counsel was only able to elicit favorable testimony from the witness by asking questions which assumed impairments that had not been substantiated by the evidence in the record. Because the testimony of the vocational expert in response to counsel's questions was based on unsubstantiated assumptions, the opinions expressed were not binding on the ALJ. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993). Therefore, we hold that the questions posed by the ALJ were sufficient and contained those impairments which were actually supported in the record. See, e.g., Jordan v. Heckler, 835 F.2d 1314, 1316 (10th Cir.1987)(ALJ's failure to include complaints of pain in hypothetical was not inappropriate as there was not sufficient evidence that pain interfered with claimant's ability to work).
 
 
 14
 As to all other issues, we affirm for substantially the same reasons set forth in the district court's order dated August 26, 1993. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Claimant filed a previous application on April 21, 1987. This application was denied, and claimant did not request reconsideration