Jerry D. BROWN, Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.

No. 85–2924.

United States Court of Appeals, Tenth Circuit.

Aug. 22, 1986.

Paul F. McTighe, Jr., Tulsa, Okl., for plaintiff-appellant.

Harry S. Gold, Office of Gen. Counsel (Layn R. Phillips, U.S. Atty., Philard L. Rounds, Jr., Asst. U.S. Atty., Donald A. Gonya, Chief Counsel for Social Sec., Randolph W. Gaines, Deputy Chief Counsel for

Social Sec. Litigation, and A. George Lowe, Chief, Disability Litigation Branch, with him, on the brief), Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before McKAY, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal from an order and judgment of the United States District Court for the Northern District of Oklahoma affirming a decision of the Secretary of Health and Human Services which denied Jerry D. Brown's application for Social Security disability benefits. Brown's initial appeal was remanded by the district court to the Secretary for further hearings, which would include, if deemed essential by the parties, testimony from a vocational expert. On remand, Brown, appearing with counsel, updated his prior testimony concerning his physical condition. Also, David Smith, a vocational expert, testified at length, being first examined by the Administrative Law Judge, and thereafter examined extensively by Brown's own counsel. The critical issue at this juncture was apparently whether Brown was entitled to disability benefits because of a back injury, or whether, notwithstanding his back problem, Brown could still perform light work available in the national economy. At the conclusion of this hearing on remand, the ALJ again denied Brown's application and the Secretary thereafter affirmed the ALJ's recommended decision. Brown then sought judicial review of the Secretary's decision denying disability benefits, and the district court affirmed.

On appeal, Brown raises but one issue: Was there substantial evidence to support the Secretary's decision in light of the ALJ's allegedly improper questioning of the vocational expert, David Smith?

Brown asserts that hypothetical questions posed to Smith by the ALJ were based on incomplete premises concerning Brown's physical and mental condition in that the ALJ did not factor into his questions Brown's claim of pain, and therefore that the Secretary's decision is not based on substantial evidence.

█ In reviewing a final decision of the Secretary, the court's role is limited to a determination of whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Cagle v. Califano*, 638 F.2d 219, 220 (10th Cir.1981).[1] The reviewing court may not weigh the evidence nor substitute its discretion for that of the agency. 638 F.2d at 220. Substantial evidence is more than a scintilla; it is such relevant evidence as a reasonable mind might deem adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Teter v. Heckler*, 775 F.2d 1104, 1105 (10th Cir.1985).

By way of general background, we note that the vocational expert was not the only witness in the case. There was lay testimony and medical evidence concerning Brown's degree of disability which did not point towards a finding of total disability. Prior to his injury, Brown had worked for some eleven years in a furniture store where, initially, he had, among his other duties, from time to time moved furniture, and more recently had generally served in a managerial capacity. He injured his back while moving furniture, but there was testimony that notwithstanding the fact that he probably could no longer move furniture, he could perform light work, including clerical, timekeeping or bookkeeping services. Brown asserts that his pain interferes with his ability to work, but disability requires more than mere inability to work without pain. "To be disabling, pain must be so severe, by itself or in conjunc-

1. The Social Security Act provides that federal courts may review the "final decision" of the Secretary. 42 U.S.C. § 405(g). Pursuant to the Secretary's rulemaking authority under 42 U.S.C. § 405(a), the Appeals Council has become the final decision-making body. *See* 20 C.F.R. § 404.900 (1985). In the instant case, the Appeals Council adopted the ALJ's recommended decision and it is this action by the Appeals Council which is the final agency decision for review.

tion with other impairments, as to preclude any substantial gainful employment." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir.1983). See also discussion of what constitutes "disability" in *Heckler v. Campbell*, 461 U.S. 458, 459–60, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1982).

 In regard to the vocational expert's testimony, we note that both the ALJ and Brown's counsel examined the vocational expert at length without objection from the other. Doubtless Brown's counsel was reluctant to object to the form of questions propounded to the witness by the ALJ, but, in subsequent cross-examination, counsel had the opportunity to put questions to the witness which would reflect counsel's understanding of his client's physical limitations, which is exactly what counsel did. He asked Smith specifically to express an opinion as to Brown's potential performance in a "sedentary" job, taking into consideration Brown's allegations of pain. The ALJ, as the fact finder, had Smith's testimony with regard to these questions, as well as Smith's testimony in response to the ALJ's hypotheticals to consider. Moreover, in reaching his decision, the ALJ explicitly considered Brown's allegations of pain. Although Brown contends that his own credibility should be unquestioned, the Secretary is entitled to examine the medical record and evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Dumas*, 712 F.2d at 1553. Moreover, a claimant's subjective complaint of pain is by itself insufficient to establish disability.[2] 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir.

1985). In the instant case, the Secretary concluded that Brown's conflicting statements raised a serious question as to his credibility.

In any event, there has been no authority presented to us which would justify reversing this case and remanding it to the ALJ for further proceedings simply because some questions by the ALJ were, perhaps, objectionable in form.[3] *See Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir.1985), where the Eighth Circuit affirmed a district court's affirmance of a Secretary's denial of benefits and, in so doing, rejected the claim that an ALJ's hypothetical questions of a vocational expert were improper because they did not set forth all of the claimant's alleged disabilities. See also *Dumas*, 712 F.2d at 1553–54 for a discussion of the role of vocational experts.

 Our review of the record leads us to conclude that the decision of the Secretary is supported by substantial evidence and that such is not in anywise undermined by the fact that the ALJ may have asked some hypothetical questions of the vocational expert which did not fully itemize all of the disabilities claimed by Brown. The district court carefully reviewed the entire administrative record and in a detailed seventeen-page opinion concluded that the Secretary's decision was supported by substantial evidence. We are in accord with the district court's handling of the matter.

Judgment affirmed.

2. There is no documentation in the record of medical treatment relating to Brown's back condition for the period from May 1981, when Brown was last treated by his neurosurgeon, until April 1984, the date of the ALJ's decision. Brown testified that he no longer takes prescription pain medication, but only Tylenol and aspirin; that he is not currently under medical treatment and has not been since surgery was performed on his knee in 1982 for an old football injury; that he has never been to a pain clinic; and that although he owns a back brace, he rarely wears it.

3. Brown relies on cases distinguishable from the instant case where the ALJ relied primarily on the testimony of a vocational expert in determining that disability benefits should be denied and where the hypotheticals posed to the expert were clearly deficient. *See, e.g., Podedworny v. Harris*, 745 F.2d 210 (3d Cir.1984); *Wroblewski v. Califano*, 609 F.2d 908 (8th Cir.1979); *Gilliam v. Califano*, 620 F.2d 691 (8th Cir.1980). Some of these cases and others are distinguished in *Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir.1983).