999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert R. ASHLEY, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-7131.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,** District Judge.
 
 
 2
 ORDER AND JUDGMENT***
 
 
 3
 PAUL KELLY, Jr., District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Robert Ashley appeals the district court's order of September 29, 1992, affirming the Secretary's decision denying claimant's request for social security benefits. Claimant filed for disability and supplemental income benefits alleging disability resulting from problems in his back, arms, feet and legs, and swelling in his knees and hips. His request was denied. After a de novo hearing, the administrative law judge (ALJ) also denied claimant's request. The Appeals Council denied review, and claimant appealed to the district court. The district court affirmed the ALJ's decision, adopting the findings and recommendations of the magistrate judge.
 
 
 6
 Our review of the Secretary's decision is limited to determining whether the record as a whole contains substantial evidence to support the decision, and whether the Secretary applied the proper legal standards. See Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). If substantial evidence exists and the appropriate legal standards have been applied, we must affirm. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800-801 (10th Cir.1991).
 
 
 7
 The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (describing five steps in detail). If, at any step in the process, it is determined that a claimant is or is not disabled, the process stops. See Casias, 933 F.2d at 801 (10th Cir.1991). Here, the ALJ reached step five and concluded that, while claimant could not return to his past relevant work, he could perform sedentary work and, therefore, was not disabled. When the analysis reaches step five, the Secretary bears the burden of showing that a claimant retains the capacity to perform other work and that such work exists in the national economy in significant numbers. See Williams, 844 F.2d at 751.
 
 
 8
 On appeal, claimant contends that the ALJ asked "narrow and misleading" hypothetical questions of the vocational expert, because the questions were based on the assumption that claimant could perform sedentary work. Claimant argues that the hypothetical should have listed each of claimant's impairments or limitations. We disagree. Substantial evidence to support a determination that claimant is not disabled "is not in anywise undermined by the fact that the ALJ may have asked some hypothetical questions of the vocational expert which did not fully itemize all of the [claimant's] disabilities." Brown v. Bowen, 801 F.2d 361, 363 (10th Cir.1986); see also Gay v. Sullivan, 986 F.2d 1336, 1341 n. 3 (10th Cir.1993) (rejecting challenge to hypothetical where vocational expert's testimony responded to evidence of impairment raised "albeit somewhat obliquely"); Brown, 801 F.2d at 363 n. 3 (distinguishing deficient hypotheticals). The ALJ began by assuming claimant could perform sedentary work. The record contains substantial evidence supporting that assumption. Therefore, the ALJ did not err in summarizing claimant's residual functional capacity.
 
 
 9
 Claimant urges this court to overturn Diaz v. Secretary of Health & Human Services, 898 F.2d 774 (10th Cir.1990), contending that it conflicts with other authority from this circuit, and that we do not understand the procedures involved in the use of vocational expert witnesses. We do not agree. Diaz was a challenge to allegedly incomplete hypothetical questions posed at a hearing. This court held the error, if any, was minimal because the vocational expert was present during the hearing and testified that she was "cognizant of Diaz's other impairments and that she was making an individualized assessment." 898 F.2d at 777. This does not conflict with authority requiring that vocational expert testimony relied on by an ALJ be responsive to and accurately reflect all impairments a claimant is ultimately found to have. See Hargis v. Sullivan, 945 F.2d 1482, 1491-92 (10th Cir.1991).
 
 
 10
 Claimant further argues that the ALJ failed to fully develop the record at the hearing. Our review indicates that claimant's representative asked specific questions concerning limitations and nonexertional impairments as suggested by claimant's testimony. The vocational expert responded as to how each limitation or impairment, if found to exist, would affect the number of sedentary jobs claimant could perform. Claimant does not identify a single limitation or nonexertional impairment he was found to have which was not taken into consideration by the ALJ's hypotheticals or the paralegal's cross-examination. We conclude the ALJ did not fail in his duty to fully develop the record in this case.
 
 
 11
 Claimant also contends that the Secretary's decision is not supported by substantial evidence. Specifically, he argues that the ALJ improperly analyzed his allegations of pain. Because he cannot sit more than forty minutes at one stretch or stand for prolonged periods, he argues he cannot perform sedentary work. Both the applicable regulations and Social Security Ruling 83-10, on which claimant relies, make clear that sedentary work involves occasional walking or standing, generally totalling no more than two hours, and periods of sitting, totalling up to six hours in a working day. See Social Security Ruling 83-10, Titles II and XVI: Determining Capability to do Other Work--the Medical-Vocational Rules of Appendix 2, [Feb. 1983-Dec. 1983 Transfer Binder] Unempl.Ins.Rep. (CCH) p 14,531 at 1999-19 (Jan. 1983); 20 C.F.R. §§ 404.1567, 416.967. The vocational expert's testimony in this case demonstrates that many sedentary jobs allow a worker to sit or stand at will. Further, the vocational expert testified that certain jobs would be excluded were claimant found to be limited in his ability to sit or stand for prolonged periods. The ALJ clearly understood what was encompassed by "sedentary" work.
 
 
 12
 Substantial evidence supports the Secretary's decision that claimant was not disabled within the meaning of the Social Security Act. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.r. 36.3