5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven L. HUNT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-7142.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Steven L. Hunt, who claims disability due to a back injury sustained in 1990, appeals a district court decision affirming the denial by the Secretary of Health and Human Services (Secretary) of benefits under the Social Security Act. Because the record as a whole contains substantial evidence to support the Secretary's decision, we affirm the decision of the district court.
 
 
 3
 On appeal, Mr. Hunt presents interrelated arguments, all stemming from the ALJ's treatment of his claim of disabling pain. Specifically, Mr. Hunt contends the ALJ disregarded his evidence of severe and constant pain, erred in relying solely on the Medical Vocational Guidelines to find him not disabled, and should have called for vocational expert testimony.
 
 
 4
 Mr. Hunt was injured in April, 1990, while using a cutting torch to dismantle scrap material on a railcar. A large piece of the scrap apparently fell from the railcar, striking Mr. Hunt on the back. Mr. Hunt was taken to the local hospital where he was given pain medication and some salve for the abrasion, advised to maintain bed rest for three days, and cleared to return to work immediately thereafter. A CT scan was performed shortly after the accident, with no abnormalities detected. Mr. Hunt did not return to work.
 
 
 5
 On August 16, 1990, Mr. Hunt was examined by Dr. Lawrence Reed who concluded that claimant "demonstrated symptoms and signs of nerve root impingement of his lumbar spine." Appellant's App., Vol. II at 112. The clinical evidence of L4-5 nerve root impingement relied on by Dr. Reed to support this diagnosis was apparently Dr. Reed's observation of restricted motion in Mr. Hunt's cervical, thoracic and lumbar spines, and the fact that a straight leg raise registered positive at 50? for the right leg and 60? for the left leg. Id. at 114. In an apparent attempt to confirm this diagnosis, Dr. Reed referred Mr. Hunt to St. Francis Hospital in Tulsa for electromyographic examination. Mr. Hunt's EMG studies all proved to be within normal limits. Id. at 99-100. Mr. Hunt had no further contact with Dr. Reed.
 
 
 6
 After his claim was filed, Mr. Hunt was examined at the Secretary's request by Dr. Gordon Strom. Dr. Strom observed a full range of motion in claimant's thoracic and cervical spine and concluded that the straight leg raising test failed to "verify evidence of a radiculopathy [disease of the nerve roots]." Id. at 102-03. Dr. Strom diagnosed claimant with chronic back pain, but could find no obvious cause for the pain. Id. at 103.
 
 
 7
 The ALJ concluded that, while claimant may have been disabled for a period shortly after the accident, that at least by January 21, 1991 (the date of the Strom examination), claimant had improved sufficiently to allow him to return to light and sedentary work. Id. at 11.[1] The ALJ rejected the conclusions of Dr. Reed because they were outweighted by the normal CT scan and EMG results. Id.
 
 
 8
 A claimant's subjective testimony that he suffers pain is insufficient by itself to determine a finding of disability. Gatson v. Bowen, 838 F.2d 442, 447 (10th Cir.1988). "By statute, objective medical evidence must establish an impairment that reasonably could be expected to produce the alleged pain, and statements regarding the intensity and persistence of the pain must be consistent with the medical findings and signs." Gossett v. Bowen, 862 F.2d 802, 806 (10th Cir.1988) (citing Gatson, 838 F.2d at 447; Luna v. Bowen, 834 F.2d 161, 162-65 (10th Cir.1987); 42 U.S.C. Sec. 423(d)(5)(A)). The inconsistency between claimant's allegation of severe and constant pain and the medical evidence of a normal CT scan and a normal EMG is substantial evidence to support the ALJ's decision. Cf. Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir.1992) (finding of no substantial evidence will be justified only where there are no other credible choices or no medical evidence to the contrary).
 
 
 9
 Mr. Hunt argues that the ALJ erred in refusing to credit the opinion of his treating physician. Without deciding whether the opinion of a physician who has only examined a claimant once is to be accorded the same deference as the traditional "treating physician," we note that, even if Dr. Reed were to be considered a treating physician, it was still within the discretion of the ALJ to disregard his conclusion.
 
 
 10
 The Secretary's decision must be supported by substantial evidence. Gossett, 862 F.2d at 804. Evidence overwhelmed by other evidence or evidence that is mere conclusion is not substantial evidence. Id. at 805. Even the opinion of a treating physician may be disregarded if too conclusory. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). The ALJ's conclusion of no disability is supported by the substantial evidence of a normal CT scan and a normal EMG. Dr. Reed's opinion is outweighed by this objective laboratory evidence. Because we do not reweigh the evidence on appeal or substitute our judgment for that of the Secretary, Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir.1993), we cannot accept Mr. Hunt's contention that the ALJ improperly disregarded Dr. Reed's opinion.
 
 
 11
 The ALJ concluded that the evidence failed to show any disabling impairment. Appellant's App., Vol. II at 12. After taking into account Mr. Hunt's testimony regarding exertional impairments and any nonexertional impairment arising from claimant's alleged pain, the ALJ concluded that claimant had the residual functional capacity (RFC) to perform a full range of light and sedentary work. Id. at 13. Finally, after applying the Medical Vocational Guidelines, 20 C.F.R. Sec. 404, Subpt. P, App. 2 (grids), to the facts of Mr. Hunt's case, the ALJ concluded that claimant was not disabled.
 
 
 12
 Mr. Hunt argues that the ALJ improperly relied solely on the grids to reach his determination of no disability. The grids set forth rules that identify whether jobs exist in the national economy, taking into account a particular claimant's RFC, age, education, and work experience. Gossett 862 F.2d at 806. As such, the grids are a shortcut obviating the need for vocational expert testimony. Trimiar, 966 F.2d at 1332. While we agree with Mr. Hunt that the grids are not determinative in all cases, his argument that the presence of nonexertional impairment always precludes sole reliance on the grids is too broad. " '[T]he mere presence of a nonexertional impairment does not automatically preclude reliance on the grids.' The presence of nonexertional impairments precludes reliance on the grids only to the extent that such impairments limit the range of jobs available to the claimant." Gossett, 862 F.2d at 807-08 (quoting and citing Channel v. Heckler, 747 F.2d 577, 582 n. 6 (10th Cir.1984)). Because substantial evidence supports the ALJ's conclusion that nonexertional limitations do not prevent claimant from engaging in the full range of light and sedentary work and that claimant does not suffer from any other disabling impairment, exclusive resort to the grids to determine disability was appropriate. There was no need in this case for the testimony of a vocational expert.
 
 
 13
 Mr. Hunt also complains about the brevity of his hearing before the ALJ. The length of a hearing, however, is not dispositive of whether a claimant has been treated fairly. See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992). As long as enough questions were asked to determine a claimant's condition, treatment, medication, and daily activities, the record is considered fully developed. Id. at 1375. We are satisfied that the ALJ and claimant's counsel adequately developed the record in this case.[2]
 
 
 14
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Dr. Strom's opinion that claimant had chronic back pain does not undercut this conclusion. " '[D]isability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' " Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988) (quoting Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir.1986))
 
 
 [2]
 Claimant also contends that the ALJ should have asked questions about his former work. Given that the ALJ concluded claimant was unable to perform his former work, we do not see how further questions would have been of additional benefit to claimant. Claimant's contention that the ALJ failed to inquire about his daily activities mischaracterizes the record. See R., Vol. II at 28-30