13 F.3d 404
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael Dale ADAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5061.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 McKAY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the federal district court's ruling affirming the Secretary's denial of Social Security benefits. The role of this court under 42 U.S.C. 405(g) is to determine whether there is substantial evidence in the record to support the decision of the Secretary, and not to reweigh the evidence or try the issues de novo. See Brown v. Bowen, 801 F.2d 361, 362 (10th Cir.1986). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 401.
 
 
 3
 We agree with the district court that the Secretary's decision was supported by substantial evidence and therefore affirm.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3