33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marvin M. BURNETT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5254.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Marvin M. Burnett appeals the district court's decision affirming the Secretary's denial of his second applications for social security disability benefits and for supplemental security income disability benefits. Utilizing the applicable five-step sequential analysis, see 20 C.F.R. 404.1520, 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), the administrative law judge (ALJ) determined, at step five, that claimant was not disabled because he retained the residual functional capacity to do a limited range of light work and because appropriate jobs for claimant existed in significant numbers in both the national and regional economies. The ALJ's determination became the Secretary's final decision when the Appeals Council denied review.
 
 
 4
 "This court reviews the Secretary's decision to determine only whether [her] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [her] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id.
 
 
 5
 On appeal, claimant alleges the following errors attributable to the ALJ: (1) failure to develop the record; (2) failure to apply the proper pain analysis required by Luna v. Bowen, 834 F.2d 161 (10th Cir.1987); (3) improper determination that claimant can do light work; and (4) failure to utilize properly the testimony of the vocational expert. Claimant also asserts that he received a constitutionally defective notice after the denial of his first application for social security disability benefits and, therefore, that the application should be reopened. We address these issues in order.
 
 
 6
 Claimant's first argument, alleging that his counsel at the hearing before the ALJ failed to develop the record and that the ALJ did nothing to remedy this defect, is without merit. While counsel deferred to the ALJ for claimant's initial questioning, counsel later fully and effectively participated in the questioning of claimant. Claimant points to no relevant evidence that would have been elicited with more vigorous questioning either by counsel or by the ALJ. Further, in light of the thorough questioning of the vocational expert by the ALJ, any cross-examination by claimant's attorney would have been cumulative. Claimant suffered no prejudice because of his representation by his counsel at the hearing or by the manner in which the ALJ conducted the hearing.
 
 
 7
 The ALJ also correctly analyzed claimant's allegation of disabling pain. He carefully applied the Luna factors and considered claimant's alleged pain impairments in combination. His conclusion that claimant's pain is moderate, and not totally disabling, is supported by substantial evidence. The medical report cited by claimant as supporting his total disability does not do so; it merely restricts claimant from "heavy lifting, extensive walking, bending and twisting." R. Vol. II at 268. The fact that claimant has seen several doctors over the years for his back and neck problems and has had multiple surgeries does not conclusively determine that he is totally disabled. While we acknowledge that claimant probably does experience back and neck pain, we note that
 
 
 8
 "disability requires more than mere inability to work without pain. 'To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.' "
 
 
 9
 Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988)(quoting Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir.1986) (citation omitted)).
 
 
 10
 Claimant next contends the ALJ erred in finding that he could do the full range of light work. That, however, is not the determination of the ALJ. At page four of his decision, the ALJ stated: "claimant can perform light work with the additional restrictions noted by Dr. Cooper." R. Vol. II at 12. Later, at page five, in recounting the question posed to the vocational expert, the ALJ noted that claimant had "a residual functional capacity for sedentary or light work, limited by no prolonged sitting, standing, walking, a decreased range of motion in the neck and back due to fusion, and no frequent bending, twisting, or lifting." Id. at 13. The ALJ simply did not make the finding claimant disputes. Moreover, even with the limitations posed by claimant's restrictions, the vocational expert was able to identify jobs in the national economy which would accommodate claimant's needs. Thus, claimant is not disabled within the meaning of the statutes.
 
 
 11
 Claimant's last quarrel with the actions of the ALJ asserts that the hypothetical advanced to the vocational expert failed to include all of claimant's documented impairments. We disagree. The hypothetical asked by the ALJ in this case adequately and precisely included every impairment supported by objective medical documentation in the record.
 
 
 12
 Finally, claimant contends that he was denied due process when he received an arguably ambiguous notice regarding his available options after his first application for social security disability benefits was denied on reconsideration. We do not reach the merits of this issue.
 
 
 13
 Claimant's first application, filed on April 22, 1988, alleged disability since January 12, 1988. R. Vol. II at 60. That application was denied on July 1, 1988. Id. at 79-80. Claimant's current application, therefore, covers only the period after July 1, 1988. Today we hold that substantial evidence supports the ALJ's conclusion that claimant was not disabled from July 2, 1988, forward. Therefore, he was not disabled from July 2, 1988, through January 11, 1989, the balance of the requisite twelve-month period of disability required before benefits could have been awarded pursuant to the first application. See 20 C.F.R. 404.1505(a). Thus, any failure in the first notice was harmless, because claimant could not have prevailed on his first claim.
 
 
 14
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470