52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia D. MCGILL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-6393.
(D.C. No. CIV-93-1779-P)
 United States Court of Appeals, Tenth Circuit.
 April 18, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Patricia D. McGill applied for social security benefits, but the Secretary of Health and Human Services ("Secretary") denied her application. Ms. McGill petitioned the district court for review of this decision pursuant to 42 U.S.C. 1381a. The district court affirmed the decision of the Secretary. We exercise jurisdiction pursuant to 42 U.S.C. 405(g) and 28 U.S.C. 1291.
 
 
 3
 Ms. McGill claims she is disabled either due to a traffic accident or multiple sclerosis. She had been working as a barber for several years but no longer could hold her hands up to perform this job. Ms. McGill consulted several doctors for a diagnosis of her physical illness. One doctor diagnosed Ms. McGill as having post traumatic cervical arthritis and scattered neurologic deficits suggesting demyelinizing disease.[3] One doctor believed Ms. McGill had multiple sclerosis, and two other doctors thought multiple sclerosis was a possible diagnosis. However, another one of Ms. McGill's doctors performed a magnetic resonance imaging ("MRI") and an electromyogram ("EMG"), which were normal. This doctor concluded Ms. McGill did not suffer from specific cervical pathology. One of Ms. McGill's doctors determined she would be better suited to do office work with computers. The doctor consulting for the Secretary, after extensive testing including an MRI, resolved Ms. McGill did not have multiple sclerosis nor other neurological problems and Ms. McGill should not be limited in her activities.
 
 
 4
 The Administrative Law Judge affirmed the Secretary's decision to deny benefits and ruled the record did not support the conclusion that Ms. McGill suffered from multiple sclerosis. The judge found the diagnosis unsupportable in light of the negative comprehensive diagnostic tests. The district court affirmed this ruling and stated, "The objective medical evidence is in conflict with Plaintiff's statements and is not consistent with her allegation that pain and physical limitations prevent her from working at her previous jobs."
 
 
 5
 The question before us is not whether Ms. McGill has multiple sclerosis but whether Ms. McGill has a disability that prevents her from working. None of Ms. McGill's treating physician determined that she was unable to work. One of her physicians explicitly concluded she could do office work.
 
 
 6
 The role of this court, pursuant to 42 U.S.C. 405(g), is to determine whether substantial evidence supports the Secretary's decision and whether the decision comports with relevant legal standards. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Ms. McGill bears the burden of proving her disability, see Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984), and it is not our job to judge her credibility, see Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir.1986).
 
 
 7
 Having reviewed the record, we are satisfied the Secretary's decision is well supported and consistent with legal standards. Thus, we AFFIRM the district court order.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted as the defendant in this action. Although we have substituted the Commissioner in the caption, in the text we continue to refer to the Secretary of Health and Human Services because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Demyelinizing disease results in the destruction of the sheath of nerve tissues composed of cholesterol