FILED
United States Court of Appeals
Tenth Circuit

March 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANNY R. FERNANDEZ,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant - Appellee.

No. 15-1376
(D.C. No. 1:13-CV-03385-MSK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Danny R. Fernandez, proceeding on appeal pro se, seeks reversal of the district

court's judgment upholding the decision of an administrative law judge (ALJ) to

deny his application for social security disability benefits. He seeks leave to proceed

on appeal in forma pauperis (IFP). We have jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g). We grant the IFP request and affirm the judgment.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
ed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.       Background

Mr. Fernandez, who was born in 1966, filed for disability insurance benefits in 1994, claiming he became disabled on February 7, 1991.  His first hearing before an ALJ was held on February 27, 1996, and the ALJ issued an unfavorable decision. Shortly thereafter, Mr. Fernandez submitted a 1996 functional capacity evaluation and a mental assessment, but the agency declined to consider them.  He appealed to the district court, which remanded for consideration of those documents.  Three additional administrative hearings were held on April 18, 2002, February 8, 2006, and April 3, 2008, all resulting in unfavorable decisions and all remanded by the district court to ensure that the 1996 functional capacity evaluation and mental assessment had been considered.  Following an unfavorable decision issued June 2, 2008, the district court again remanded with specific instructions to the ALJ.  Those instructions, issued on January 12, 2011, set the stage for this appeal, so we set them out at length.

1. Upon remand, the case shall be assigned to an [ALJ] who has not previously been assigned the Plaintiff's claim and who has no familiarity with the facts of that claim.

2. The record to be considered upon remand shall consist solely of evidence regarding the Plaintiff's condition and treatment occurring during or prior to December 1997.  No evidence of conditions or treatment arising after December 1997 shall be considered, except as set forth below.

3. The [ALJ] shall treat the following facts as established:

   a. The Plaintiff's onset date was March 13, 1996 and his last date of insurance was December 31, 1996.

2

b. The Plaintiff did not engage in any substantial gainful employment between those dates.

c. Through December 31, 1996, the Plaintiff had the following severe impairments: back pain; right knee instability, status post multiple surgeries; depression; and left shoulder instability.

d. As of December 31, 1996, the Plaintiff did not have an impairment or combination of impairments that met or exceeded any of the listed impairments found in 20 C.F.R. 404, Subpart P, Appendix 1.

e. Absent consideration of his subjective symptoms between March 13, 1996 and December 31st, 1997, the Plaintiff's residual functional capacity would be that prescribed by the [ALJ] in the June 2, 2008 decision . . . .

4. Upon remand, the [ALJ's] review shall be limited to the following questions:

a. Whether, in light of the *Luna* and [*Kepler*] standards, the residual functional capacity assessment should be modified in light of the Plaintiff's subjective complaints during the time period at issue?

b. If the residual functional capacity assessment is not modified by those complaints, whether the Plaintiff was disabled consistent with the [Social Security] Act during the relevant period?

c. If the residual functional capacity assessment is modified by the Plaintiff's subjective complaints, whether the Plaintiff, during the time period at issue, was able to do his past relevant work or whether there were a significant number of jobs in the national and regional economy that he could perform?

If the [ALJ] is required to address the issue [in] (c) above, the [ALJ] may receive such additional evidence as is necessary to resolve that issue.

Admin. R. at 896-98.

Meanwhile, on February 25, 2010, Mr. Fernandez filed an application for supplemental security income (SSI) benefits. The ALJ assigned to hear the case pursuant to the January 12, 2011 remand order (Remand Order) considered the new SSI application together with the remanded issues pertinent to the application for

3

disability benefits. After a hearing on December 5, 2011, the ALJ issued a decision that was unfavorable as to Mr. Fernandez's claim for disability benefits and favorable as to his application for SSI benefits. Mr. Fernandez sought review in the district court of only the unfavorable disability-benefits decision. The district court affirmed the agency's denial of disability benefits. Mr. Fernandez now appeals to this court, alleging he was erroneously denied disability insurance benefits.

## II.    Discussion

"We review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). We examine the record as a whole, but we do not reweigh the evidence. *Id.* We also do not "substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

We have liberally construed Mr. Fernandez's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. Moreover, "pro se parties [must]

4

follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

On appeal Mr. Fernandez asserts the time period for which he is claiming disability benefits was not limited to the period of March 13, 1996 through December 31, 1997. He apparently argues that the applicable time period began in 1994, when he filed his initial application for disability benefits, and continued beyond December 31, 1997. Mr. Fernandez does not claim that the ALJ failed to follow the Remand Order when he limited his review to the time period of March 13, 1996 through December 31, 1997. To the extent Mr. Fernandez challenges the Remand Order, we do not have jurisdiction to review that order because the time for appealing it has long passed. *See* Fed. R. App. P. 4(a)(1)(B) (providing that notice of appeal from district court's order was due within 60 days); *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011) (holding litigant's failure to file a timely notice of appeal from district court order deprived appellate court of jurisdiction to review the order).

Mr. Fernandez also argues that the ALJ should have considered the testimony of the vocational expert (VE) who testified at his most recent hearing on December 5, 2011, rather than rely on the VE testimony from the April 3, 2008 hearing. The Remand Order directed the ALJ to determine whether Mr. Fernandez's residual functional capacity (RFC) should be modified in light of his subjective complaints. The ALJ conducted a thorough analysis of Mr. Fernandez's complaints of pain and depression. The ALJ determined, pursuant to *Luna v. Bowen*, 834 F.2d 161, 163-64

5

(10th Cir. 1987), and *Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995), that Mr. Fernandez had established a pain-producing impairment by objective medical evidence and that there was a loose nexus between the impairment and his subjective allegations of pain. But the ALJ concluded that Mr. Fernandez had not established the third requirement—to establish that his pain and depression were disabling. Therefore, the ALJ determined that Mr. Fernandez's RFC established at the April 3, 2008 hearing did not need to be modified. Consequently, the VE's testimony at the December 5, 2011 hearing concerning Mr. Fernandez's abilities as of February 25, 2010, when he filed for SSI, was irrelevant to his condition before his insured status expired on December 31, 1996. To be entitled to disability benefits, he was required to establish his disability as of December 31, 1996. *See Flaherty*, 515 F.3d at 1069.

We also construe Mr. Fernandez's brief as including a challenge to the ALJ's determination that his subjective complaints were not disabling. The ALJ was instructed on remand to accept the RFC assessment from 2008, but to evaluate whether the RFC should be modified after considering Mr. Fernandez's subjective complaints. As noted, the ALJ determined that the subjective complaints were not disabling and did not warrant modifying the RFC.

The Remand Order directed the ALJ to consider only evidence dated before December 31, 1997. The evidence pertaining to Mr. Fernandez's subjective complaints was as follows:

Mr. Fernandez had shoulder surgery in 1991 due to a work-related injury, with good results. In a 1994 personal pain questionnaire, Mr. Fernandez said he had pain

6

in his left shoulder and right knee that restricted his activities. He did not take medication, but treated the pain with sports cream, hot baths, and ice packs. In spite of his pain, he continued to ride a bike, hike, fish, play pool, and do housework. In 1996, he testified that his shoulder and knee pain did not respond to medication and he spent most of the day lying down or sitting, but he was able to do yard work, play pool, ride a bike, and walk for a couple of hours with intermittent resting.

In 1994, David Crosson, M.D., assessed Mr. Fernandez, concluding that although he had an unstable right knee and some non-severe shoulder pain, he was capable of performing sedentary work. Mr. Fernandez also reported low-back pain in 1994 and after treatment, his physicians reported significant improvement. In March 1996, Jolene Daulton, a physical therapist, evaluated Mr. Fernandez's physical work restrictions, opining that he was limited in his abilities to lift, walk, stand, sit, climb, and bend. She did not attempt to evaluate his pain except to state that he reported shoulder and back pain.

Mr. Fernandez underwent several surgeries to his right knee and made good recovery following each surgery, although in February 1997, his treating physician, Stewart Weinerman, M.D., indicated that Mr. Fernandez would probably have *future* problems with his knee.[1] In a March 1997 assessment, Dr. Weinerman noted no shoulder restrictions and indicated that Mr. Fernandez could perform sedentary work.

---

[1] As noted above, to be eligible for disability insurance benefits, Mr. Fernandez had to establish that he was disabled before December 31, 1996. *See Flaherty*, 515 F.3d at 1069. Dr. Weinerman's 1997 prediction of future knee

(continued)

7

As for psychological limitations, in July 1996, Steve Martin, M.D., completed a consultative psychological evaluation. He diagnosed Mr. Fernandez with major depression, moderate, and pain syndrome with psychological factors. Dr. Martin recommended an antidepressant, which Mr. Fernandez refused, psychotherapy, and a reduction in alcohol consumption. In 1997, Mr. Fernandez received treatment from Jose G. Vega, Ph. D., whose treatment notes indicated that Mr. Fernandez's depression was situational and that Mr. Fernandez intended to return to the workforce.

The ALJ found Mr. Fernandez's claims of disabling pain not credible. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013) (internal quotation marks omitted). "[D]isability requires more than mere inability to work without pain." *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir. 1986).

The ALJ's determination that Mr. Fernandez's pain and depression were not disabling is affirmatively linked to substantial evidence in the record, including the medical and psychological reports, the opinions stating that he could perform sedentary work, the ALJ's observation that many of the medical reports did not

---

problems did not establish that Mr. Fernandez was disabled before December 31, 1996.

indicate that Mr. Fernandez complained of severe pain, and Mr. Fernandez's own reports of daily activities. Thus, we will not upset this determination.

**III. Conclusion**

Mr. Fernandez's request to proceed IFP is granted. The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge