FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DIANA TOLEDO,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 24-5001
(D.C. No. 4:22-CV-00396-MTS)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Diana Toledo appeals from the district court's order affirming the Social

Security Commissioner's denial of her application for disability insurance benefits

under the Social Security Act (SSA).  Exercising jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Toledo was born in 1984. She has a high school education and previously worked as a sales clerk. She applied for social security benefits in December 2018, at age 33, alleging disability since September 2018 from physical and mental impairments including rheumatoid arthritis, fibromyalgia, generalized anxiety disorder, and depressive disorder.

The Commissioner initially denied Toledo's claims in 2020. Toledo requested a hearing before an administrative law judge (ALJ), which the ALJ held in June 2020. The ALJ found Toledo was not disabled under the SSA and therefore was not entitled to benefits. After the Social Security Appeals Council denied her request for review and affirmed the denial of benefits, Toledo filed an action under 42 U.S.C. § 405(g), seeking review of the ALJ's decision in the Northern District of Oklahoma. On an unopposed motion by the Commissioner, the district court reversed and remanded the matter for further proceedings.

An ALJ held another hearing and issued a second denial in June 2022. The ALJ issued a written decision following the five-step sequential evaluation process the Social Security Administration uses to evaluate disability claims.[1] The medical

---

[1] We have described the five-step process as follows:

Social Security Regulations mandate that the ALJ who determines a claim for benefits under the Social Security Act follow a five-step evaluation: (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from

evidence the ALJ reviewed included the opinion of Dr. Zubair Ashraf, a rheumatologist who examined Toledo on four occasions from October 2019 to early 2021; Nurse Practitioner Lori Franklin, whose opinion was "essentially identical to the opinion provided [by] Dr. Ashraf the same day," Aplt. App. vol. 6 at 1067–68; and state agency consultative physician Dr. Cristopher Thompson, D.O.

The ALJ found portions of Dr. Ashraf's opinion persuasive—in particular, his conclusions that Toledo should limit her standing and walking to two hours per day, and portions unpersuasive—his conclusions regarding Toledo's alleged manipulative limitations. The ALJ found Dr. Ashraf's opinions as to manipulative limitations unpersuasive because they were inconsistent with (1) Dr. Ashraf's own examination record, which "[did] not document loss of range of motion in [Toledo's] hands and fingers," *id.* at 1067; and (2) records from Dr. Thompson who "indicated that [Toledo] could oppose her thumb to fingertips and had normal range of motion and strength . . . [and] found her fine tactile manipulation was normal and she was able to manipulate paperclips without difficulty," *id.*

Based on review of the testimony and medical records, the ALJ concluded Toledo had the residual functional capacity (RFC) "to perform sedentary work,"

---

doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work. If at any point in the process the [Commissioner] finds that a person is disabled or not disabled, the review ends.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citation, footnote, and internal quotation marks omitted).

3

subject to several stated limitations, but she "can frequently use the bilateral hands for tasks such as handling and fingering." Aplt. App. vol. 6 at 1057–58. Based on this RFC determination and the testimony of a vocational expert, the ALJ found at step five Toledo "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," *id.* at 1073, so she did not qualify for SSA benefits. Toledo appealed this decision to the district court under § 405(g). The district court[2] affirmed the Commissioner's decision, and this appeal followed.

## DISCUSSION

In an appeal of a social security benefits determination, "we engage in de novo review of the district court's ruling." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016). "In conducting de novo review, we must determine whether the administrative law judge correctly applied legal standards and made findings supported by substantial evidence." *Id.* "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is more than a scintilla; it is such relevant evidence as a reasonable mind might deem adequate to support a conclusion." *Brown v. Bowen*, 801 F.2d 361, 362 (10th Cir. 1986). "We do not reweigh the evidence or retry the case, but we meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the

---

[2] The parties consented to proceed before a magistrate judge under 28 U.S.C. § 636.

4

substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal quotation marks omitted). "A finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (internal quotation marks omitted).

Toledo presents three arguments: (1) the ALJ did not properly consider her subjective reports of pain and related symptoms; (2) the ALJ did not properly consider the opinion of Dr. Ashraf; and (3) substantial evidence does not support the ALJ's RFC assessment. We consider and reject each argument in turn.

**A.    The ALJ adequately supported the findings regarding Toledo's subjective symptoms reports.**

Toledo argues the ALJ did not adequately explain the findings regarding her subjective allegations of pain, which would have resulted in a more restrictive RFC determination as to her ability to handle and finger objects. Under the Social Security Administration's regulations, an ALJ decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304 at *10 (Oct. 25, 2017). Here, as the district court found, the ALJ "noted multiple instances in the record where [Toledo's] range of motion, posture, gait, coordination, ability to ambulate, and muscle strength

5

were all documented as normal." Aplt. App. vol. 1 at 52. These findings clear the "not high" threshold for substantiality, *see Bistek*, 139 S. Ct. at 1154.

Toledo argues, though, that these "notations were just part of the ALJ's summary of the evidence" and that they did not adequately "explain why the specific evidence led the ALJ to conclude [her] subjective complaints were not credible." Aplt. Opening Br. at 10–11 (internal quotation marks and brackets omitted). But this call for more refinement in the ALJ's findings exceeds the scope of our review. "[S]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, he need not make a formalistic factor-by-factor recitation of the evidence. . . . [C]ommon sense, not technical perfection, is our guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (internal quotation marks and citation omitted). The ALJ's decision set forth such evidence, and his findings are adequate on substantial-evidence review.

**B.    The ALJ sufficiently considered and discounted the opinion of Dr. Ashraf regarding the extent of Toledo's manipulative limitations.**

Toledo argues the ALJ based his rejection of Dr. Ashraf's opinion that her condition limited her to using her hands and arms less than two hours per day[3] solely by contrasting that opinion with other findings that she had full range of motion.

---

[3] Dr. Ashraf opined Toledo "could use her bilateral arms for reaching, pushing, and pulling for less than two hours in a workday, and she could use her bilateral hands for grasping, handling, fingering, or feeling less than two hours in a workday." Aplt. App. vol. 6 at 1066.

Hence, she argues, "[t]he ALJ's reasoning improperly separates [her] ability to move her fingers from the pain she suffers while doing so." Aplt. Opening Br. at 19.

But the ALJ considered Dr. Ashraf's opinion more carefully than that when considering the scope of Toledo's alleged manipulative limitations. The ALJ compared Dr. Ashraf's opinion with Dr. Ashraf's own treatment records, which indicated he had examined her only once before issuing his opinion regarding her manipulative limitations and which indicated full range of motion in Toledo's hands and wrists, no inflammation, and normal muscle strength and movement in her upper extremities. The ALJ also compared Dr. Ashraf's opinion and records with those of Dr. Thompson, whose examination showed Toledo was able to oppose her thumb to her fingertips, had normal fine tactile manipulation, and could manipulate small objects like paperclips without difficulty. In addition, the ALJ considered the opinion of Nurse Practitioner Franklin, who acknowledged she based her opined limitations on Toledo's subjective reports and that she was "[u]nable to verify deficits." Aplt. App. vol. 6 at 836.

In so considering the medical evidence, the ALJ appropriately evaluated it for consistency and supportability. *See* 20 C.F.R. § 404.1520c(c)(1)–(2). Even if we disagree with the ALJ's ultimate evaluation, that does not mean it lacks substantial evidentiary support. *See Flaherty*, 515 F.3d at 1070 (when reviewing for substantial evidence "[w]e do not reweigh the evidence or retry the case."); *see also Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994) (holding a reviewing court's "conclusion that the evidence was equivocal . . . is not an appropriate reason for

reversing the Secretary's decision, which must be affirmed if it is supported by substantial evidence and correct legal standards were used.").

And the findings that Toledo had full, normal range of motion in her extremities, notwithstanding her pain, are relevant to the ultimate disability inquiry, which asks whether pain is "so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." *Brown*, 801 F.2d at 362–63 (10th Cir. 1986) (internal quotation marks omitted). We therefore reject Toledo's argument that the district court erred in upholding the ALJ's findings regarding the persuasiveness of Dr. Ashraf's opinions as to the scope of Toledo's manipulative limitations.

**C.      Substantial evidence supports the ALJ's findings regarding Toledo's RFC.**

Toledo's last argument is that the ALJ erred by not "mak[ing] a finding regarding [her] flares one way or the other" and by failing "to include limitations resulting from [her] flares in the RFC assessment." Aplt. Opening Br. at 21. But the ALJ expressly considered Toledo's complaints of flares and ultimately concluded her "statements about the intensity, persistence, and limiting effects of . . . her symptoms . . . are inconsistent" and that "while there is evidence of soreness in [Toledo's] hands, . . .there is insufficient evidence that [her] manipulative capabilities were as restricted as she alleges," Aplt. App. at 1065–66. Because there is "more than a scintilla" of evidence to support these findings, we will not set them aside. *Brown*, 801 F.2d at 362.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Nancy L. Moritz
Circuit Judge