**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PALECIA R. ROUNDTREE,

    Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant-Appellee.

No. 98-6365
(D.C. No. CIV-96-1857-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Palecia R. Roundtree appeals from the district court's order affirming the decision of the Commissioner of Social Security. In that decision, the Commissioner denied claimant's applications for disability insurance benefits made under Title II of the Social Security Act. *See* 42 U.S.C. § 423. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.

Two issues are presented for review. The first is whether the administrative law judge ("ALJ") properly considered claimant's complaints of cervical pain when determining that she had no nonexertional impairments at the sedentary level of activity and in determining her residual functioning capacity ("RFC"). The second is whether the ALJ demonstrated that he had considered all the medical evidence that supported claimant's allegations of disability. In our review, we determine whether the ALJ's decision is supported by substantial evidence on the whole record and comports with relevant legal standards. *See Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).

Claimant alleges disability due to pain in her back, neck, and shoulder resulting from strains and sprains suffered at work. Claims for disability benefits are evaluated according to the five-step sequential process set out in 20 C.F.R. § 404.1520. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). At step five of this process, the ALJ found that claimant had the RFC to perform

sedentary work that allowed for alternate sitting and standing. He discredited claimant's subjective complaints of disabling pain, analyzing them in accordance with *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).

Claimant maintains that the ALJ discussed only one factor in making his credibility determinations--her daily activities. This assertion is clearly belied by the written decision. There, the ALJ noted that claimant's complaints of disabling pain were not consistent with the amount or type of pain medication she was taking; that she had been discharged from physical therapy for failure to attend the sessions; that her treating neurosurgeon had determined that she could resume work; that her diagnoses were of mild cervical and lower back strains; that she regularly drove, did laundry, and cooked, and that she had not sought treatment for pain in almost two years. *See* Appellant's App. Vol. II at 39-40. The ALJ's credibility finding is supported by substantial evidence. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

Claimant next asserts that the ALJ erroneously concluded that claimant's "testimony regarding her back impairment was credible but her testimony regarding her cervical impairment was not." Appellant's Br. at 6. We have carefully reviewed the ALJ's decision and can find no such conclusion. Claimant

also argues that the ALJ's analysis is internally inconsistent because he concluded that she had a severe cervical impairment "and then accorded no limitations to it when assessing her RFC." *Id.* We disagree. Claimant herself testified that her neck impairment had improved and was no longer her primary impairment, that she suffered from some muscle spasms two or three times a week, when she held her neck in one place for a long time, such as when reading or watching TV, and that the spasms were relieved by doing neck exercises or using a heating pad. *See* Appellant's App. Vol. II at 173-74. Thus, claimant did not allege that her neck and shoulder pain were constant or severe. Complaints of pain are considered to be nonexertional limitations only when they " *significantly* limit [the] ability to perform the full range of work in a particular RFC category on a sustained basis." *Williams*, 844 F.2d at 752 (emphasis added) (quotation omitted). The ALJ gave claimant's complaints of pain some credence in that he determined that pain limited her to doing sedentary work with the additional limitation of being allowed to move around. He ultimately concluded, however, that her pain was not disabling. This conclusion comports with the applicable social security law. A finding of disability based on complaints of pain "requires more than mere inability to work without pain. . . . [The] pain must be so severe . . . as to preclude any substantial gainful employment." *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986) (quotation omitted). We have carefully reviewed

claimant's medical records, and the ALJ's conclusions are supported by substantial evidence.

Claimant alleges that the ALJ erred by failing to discuss Dr. Griffith Miller's report concerning claimant's neck and shoulder impairment, in which he opined that she had a 53% total impairment to the body due to a decreased range in cervical motion; six months of "documented" muscle spasms, pain, and rigidity; shoulder injury; and radiculopathy in the left arm with numbness, pain, and marked weakness. *See* Appellant's App. Vol. II at 160; *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (stating that ALJ must consider all evidence and must discuss any significantly probative evidence he rejects or uncontroverted evidence he chooses not to rely on, but does not have to discuss every piece of evidence). Dr. Miller was a consultative physician hired by claimant to examine her on April 15, 1993, for preparation of a report for her worker's compensation claim.

A review of the medical records shows that Dr. Miller's report is not consistent with the reports of claimant's treating physicians or even with the facts of her injury, which occurred on December 24, 1992. It is difficult to see how there could be six months of documented muscle spasm, pain, and rigidity arising from an injury that had occurred only four months previously. Further, Dr. Harvey, who initially treated claimant for two weeks, reported no muscle

spasm--his examination "revealed only tenderness over the [left] scapula." Appellant's App. Vol. II at 106. While Dr. Miller estimated her impairment rating for the cervical area based on range of motion to be 12%, Dr. Reynolds, her treating neurologist, gave her an impairment rating of only 3% in a report dated April 16 that was based on his April 5 examination. Dr. Miller reported claimant's cervical flexion and extension as 30 and 35 degrees, respectively, while Dr. Reynolds found both to be 60 degrees. There were similar discrepancies between the lateral cervical flexion and rotation measurements. Dr. Miller reported "marked" left arm muscle weakness; Dr. Reynolds reported muscle strength of 5/5 in all muscle groups. *Compare id.* at 160 *with id.* at 136-37.

Dr. Miller reported a 20% impairment based on left arm radiculopathy, but Dr. Rice, an orthopedic specialist who also had examined her, found that she had no "true radicular type symptoms." Dr. Miller found an impairment of 12% based on left shoulder injury, but Dr. Rice determined that she had no symptoms suggesting rotator cuff injury, that her problem sounded "mainly muscular," and that she had normal range of motion in her shoulder, no loss of strength, and no crepitation. *Compare id.* at 160 *with id.* at 143. We agree with the district court that claimant has failed to show that Dr. Miller's findings were either "uncontroverted" or "significantly probative" as to require specific discussion.

*See id.* Vol. I at 12 (quoting *Clifton*, 79 F.3d at 1009-10). The ALJ did not err in failing to discuss Dr. Miller's report.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court

Deanell Reece Tacha
Circuit Judge